CHARLES C. BARNES & another *vs.* ALOYSIA M. BARNES & others.

Middlesex. May 16, 1935. — June 27, 1935.

Present: RUGG, C.J., PIERCE, DONAHUE, LUMMUS, & QUA, JJ.

*Equity Pleading and Practice*, Appeal, Parties, Death of party, Decree. *Agency*, Termination. *Attorney at Law.*

Upon the death of a party to a suit in equity, no decree effective against his estate can be entered until after a representative of the estate has been made a party.

The authority of an attorney to represent a party in litigation ceases with the party's death.

A suit in equity was heard and an order made for a final decree dismissing the bill before the death of one of the plaintiffs, but the decree was not entered until after his death. The administrator of his estate became a party plaintiff after entry of the final decree. Thereupon the court ordered that the final decree already entered should take effect as of a date before his death. *Held*, that the final decree, for the purpose of appeal by the administrator, took effect as of the date of the later order, but otherwise was effective *nunc pro tunc*, and that the administrator, as of right, might appeal from the final decree within twenty days after such order.

In the circumstances above described, the plaintiffs having a joint cause of action and being jointly aggrieved by the dismissal of the bill, the surviving plaintiff had no right to appeal alone from the decree at the time of its purported entry; his right was to join with the administrator of the deceased plaintiff in an appeal within twenty days after the decree became effective for the purpose of appeal by the later order of court.

BILL IN EQUITY, filed in the Superior Court on October 28, 1933.

The question described in the opinion was reported by *Walsh*, J.

*W. J. Killion,* (*T. W. Lawless* with him,) for the plaintiffs.

*T. F. Vahey,* for the defendants.

RUGG, C.J.   The plaintiffs in this suit in equity seek a reconveyance of real estate formerly owned by Katherine F. Barnes, one of the plaintiffs.   It was heard by the trial judge on November 25, 1933, and a report of facts, rulings and an order for a decree dismissing the bill were entered on February 6, 1934.   These are not printed in the record and are not before us.   The bill and answer are not before us.   The plaintiff Katherine F. Barnes died on March 9, 1934.   The matter came before the trial judge on several occasions between March 9, 1934, and September 7, 1934, but no suggestion of the death of Katherine F. Barnes was filed, although there was mention of her decease on one occasion.  ·On September 7, 1934, a decree was entered dismissing the bill in accordance with the order of February 6, 1934.   On September 11, 1934, the counsel of record at that time for the plaintiffs filed a claim of appeal from the final decree entered on September 7, 1934, but took no steps to perfect the appeal; that claim of appeal therefore failed.  ·On October 25, 1934, present counsel of record for the plaintiffs entered their appearance and filed a suggestion of death of the plaintiff Katherine F. Barnes, together with a motion that William H. Eames, as administrator of her estate, be permitted to prosecute the case; and also filed a petition to vacate the final decree.   On December 22, 1934, the motion of Eames as administrator was allowed, but a motion of the defendants filed on November 5, 1934, to dismiss the plaintiffs' appeal was not acted upon.   On December 22, 1934, the trial judge entered an order that the final decree of September 7, 1934, take effect as of March 1, 1934.   On January 10, 1935, counsel for the plaintiffs, apparently representing both the surviving plaintiff and the administrator of the deceased plaintiff, offered for filing an appeal from the final decree, which

the clerk refused to accept and which the trial judge refused to order him to accept. The single question reported for determination is whether on these facts the appeal from the final decree sought to be. entered on January 10, 1935, should have been accepted for filing on that day.

The form of the appeal was that the plaintiffs "appeal from the final decree of September 7, 1934 'entered as of March 1, 1934.'" The docket entry under date of January 10, 1935, is "Plaintiffs' appeal from order entered Dec. 22, 1934." It is not necessary to analyze nicely the differences which may exist between these forms of appeal. In any event, whatever rights of appeal were open from the action of the court were seasonably claimed.

The decree dismissing the bill entered on September 7, 1934, nearly six months after the death of the plaintiff and before the appointment of any administrator of her estate, could not rightly have been entered as of that date because by her death in the previous March further proceedings were suspended. Under the former equity practice a bill of review or a supplemental bill would have been necessary. *Pingree* v. *Coffin*, 12 Gray, 288, 317. *Malden & Melrose Gas Light Co.* v. *Chandler*, 220 Mass. 1, 9. That is no longer necessary; a simple amendment is all that is now required. Rules 16, 17 of the Superior Court (1932). The representative of the deceased plaintiff properly became a party on December 22, 1934.

The authority of the attorney for the deceased plaintiff ceased with her death. If the appeal claimed in behalf of the surviving plaintiff and of the deceased plaintiff on September 11, 1934, from the decree of September 7, 1934, had been prosecuted and argued by an attorney of this court, he would have been heard as *amicus curiae* in behalf of the deceased plaintiff, or her estate, and the merits of the case would have been considered. *Currier* v. *Lowell*, 16 Pick. 170, 173. *Kelley* v. *Riley*, 106 Mass. 339. *Tapley* v. *Martin*, 116 Mass. 275. *Fenelon* v. *Fenelon*, 244 Mass. 14, 16. However, there can be no technical representation of the estate of the deceased party to litigation except by the appearance of an administrator or executor. Failure to

prosecute the appeal taken on September 11, 1934, cannot in justice and equity affect the rights of the estate of the deceased plaintiff.

The case had been fully heard and report of facts, rulings and an order for decree had been made before her death. In such circumstances a decree *nunc pro tunc* as of a date prior to her death commonly will be. entered. *Perkins* v. *Perkins*, 225 Mass. 392, 396–397, and cases there reviewed. *Fenelon* v. *Fenelon*, 244 Mass. 14, 16, 17. *McGrath* v. *C. T. Sherer Co.*, *ante*, 35, 61. See G. L. (Ter. Ed.) c. 235, § 4. On this aspect of the case, the action of the trial judge in ordering that the decree, in form entered on September 7, 1934, be entered and take effect as of March 1, 1934, which was before the death of the plaintiff, was within his power and in accordance with correct practice. It was in substance and effect the entry of a decree *nunc pro tunc*.

In order to protect the rights secured by the trial and decision which occurred before the death of the plaintiff, the date of the final decree will be March 1, 1934. The decisive action of the court was in truth taken on December 22, 1934, when the order for the *nunc pro tunc* decree was made and a valid final decree first was entered. The right of the administrator of the estate of the deceased plaintiff to appeal arose for the first time on that date, when the operative judicial action as to final decree was in fact made, when the final decree was actually entered, and when the *nunc pro tunc* order took effect. The administrator of the deceased plaintiff had a right to appeal from the final decree. *Attorney General* v. *Barbour*, 121 Mass. 568, 573. *Humphrey's Case*, 226 Mass. 143, 145. G. L. (Ter. Ed.) c. 214, § 19. He cannot be deprived of that right simply because the final decree was dated back to a day when the time from that day allowed by law for claiming and prosecuting an appeal had long expired. His substantial right to appeal cannot be frustrated in that way. The administrator of the deceased plaintiff had no opportunity to appeal until December 22, 1934, when the order for the *nunc pro tunc* entry of the final decree was made and a true final decree was first entered. He then asserted his right to appeal

within the time allowed by law and took proper steps to prosecute that appeal. The rights of the estate of the deceased plaintiff can be protected only by taking December 22, 1934, as the date of the decree, although for other purposes in order to do justice with respect to trial and decision during the life of the deceased plaintiff, March 1, 1934, will be regarded as the date of the final decree. This result is in accord with the principle declared in *Bullock, petitioner*, 254 Mass. 14, 16.

An appeal in equity can come to the full court only after a final decree. Appeal does not now lie from an order in equity. *Siciliano* v. *Barbuto*, 265 Mass. 390, 394. *Graustein* v. *Dolan*, 282 Mass. 579, 583. G. L. (Ter. Ed.) c. 214, §§ 19, 26. The rights of all parties in the case at bar will be preserved by treating March 1, 1934, as the date of the final decree for the purpose of preserving the fruits of the trial had and decision rendered during the life of the deceased plaintiff, and December 22, 1934, when the final decree was first made fully operative upon the records of the court and the rights of the parties, as the date of the final decree for the purpose of fixing the right of appeal by the administrator of the deceased plaintiff.

The case at bar is complicated by the fact that there were originally two plaintiffs. There is nothing in the record to show the nature of the interest in the cause of action of Katherine F. Barnes, the plaintiff who has died, or of Charles C. Barnes, the plaintiff who survives. The report is bare and relates to the single point already stated. The bill and answer are not included in the record, and are not before us. All that is set out respecting the bill is that the object of the suit is to obtain "reconveyance of real estate formerly owned by Katherine F. Barnes, one of the plaintiffs." The order for decree was that the bill be dismissed. It was thus adverse to both plaintiffs. They are joined without suggestion of separate interests.

It is the general rule that, where a joint decree has been entered as to several parties to a suit, all parties united in interest ought to unite in the appeal. There are exceptions to this rule when it appears of record that their interests

are several or when a severance of parties is effected by some action approved by the court. In the absence of an appeal by all such parties jointly aggrieved by an adverse decree, the appeal of one party alone may be dismissed and need not be considered. *French* v. *Peters*, 177 Mass. 568, 572. *Masterson* v. *Herndon*, 10 Wall. 416. *Simpson* v. *Greeley*, 20 Wall. 152, 157–158. *Winters* v. *United States*, 207 U. S. 564, 574. Where the record discloses that the interest represented by each party against whom the decree has been entered is separate and distinct from that of the other, any aggrieved party may appeal to protect his own interest. *French* v. *Peters*, 177 Mass. 568, 572. *City National Bank of Fort Worth* v. *Hunter*, 129 U. S. 557, 578. *Gilfillan* v. *McKee*, 159 U. S. 303, 312.

There is nothing in this record to indicate that the interests of the plaintiffs in the case at bar were separate and distinct. If that were so, they could hardly have been joined rightly as parties plaintiff. No assumption to that effect can be indulged. It follows that the surviving plaintiff could not as of right have prosecuted his appeal until there had been appointed an executor or administrator of the deceased plaintiff to join with him in taking and prosecuting an appeal. What steps may be taken to protect his rights in such circumstances need not now be considered. It is enough to say that his obligation to prosecute an appeal from the form of decree entered on September 7, 1934, after the death of the other plaintiff (so far as here revealed) was in suspense because that decree could not rightly have been entered, as already shown. When a final decree was in truth entered on December 22, 1934, his right to join in an appeal with the administrator of the estate of the deceased plaintiff revived or came into existence. The appeal was taken by both plaintiffs and on the present record is available to both.

The appeal offered for filing on January 10, 1935, ought to have been received and accepted by the clerk of courts on that date. *Morey & Co. Inc.* v. *Sweeney*, 287 Mass. 210.

*Ordered accordingly.*