JOHN TURNER & others *vs.* UNITED MINERAL LANDS CORPORATION & others. September 8, 1941. Interlocutory decrees affirmed as of an appropriate date between April 15, 1940, and September 17, 1940. Final decree affirmed as

of an appropriate date between April 15, 1940, and September 17, 1940, with costs against the plaintiffs other than Edwin F. Dwelley, and with costs against him incurred prior to his death on September 17, 1940. This suit in equity was heard by a single justice of this court. Interlocutory decrees and a final decree dismissing the bill were entered in March, 1940. The plaintiffs appealed from each of these decrees in April, 1940, in each instance on or before April 15, 1940. The appeals were entered in the full court October 15, 1940. The case was argued in the full court December 2, 1940, and was decided by the court April 3, 1941. The rescript read: "Interlocutory decrees affirmed. Final decree affirmed with costs." See 308 Mass. 531. No decrees after rescript have been entered. It has now been brought to the attention of the court that Edwin F. Dwelley, one of several plaintiffs in the suit, died September 17, 1940. So far as appears this fact was not known to counsel prior to the argument of the case in the full court. Counsel for the defendants now request, in substance, the withdrawal of the original rescript and the substitution therefor of a rescript ordering the decrees affirmed as of a date prior to the death of the plaintiff Edwin F. Dwelley. Counsel for the other plaintiffs and the administrator of the estate of said Dwelley have been given opportunity to file briefs in opposition to the granting of the request of defendants' counsel. The time fixed for filing such briefs has expired and no brief has been filed by or in behalf of the administrator of the estate of said Dwelley. Counsel for the other plaintiffs states that he does not object to the granting of the request of defendants' counsel. This is a proper case for the entry of decrees *nunc pro tunc*. The rights of the defendants as fixed by the decrees entered by the single justice were established during the lifetime of the plaintiff Edwin F. Dwelley subject to the plaintiffs' rights of appeal from such decrees. These appeals were not perfected by entry of the appeals in the full court before the death of the plaintiff Edwin F. Dwelley. The appeals of this plaintiff were entered without authority and should have been dismissed. Whether this is a case in which all parties aggrieved by the decrees were required to unite in appeals therefrom or the appeals of the other plaintiffs might have been dismissed without consideration of the case on the merits need not be considered. *Barnes* v. *Barnes*, 291 Mass. 383, 386. The appeals have been argued by counsel for the surviving plaintiffs — formerly also counsel for the plaintiff Edwin F. Dwelley — and considered on their merits with a resulting decision substantially the same as if the appeals had been dismissed, namely, that the decrees entered by the single justice should be affirmed. No decrees adverse to the plaintiff Edwin F. Dwelley can be entered as of a date subsequent to his death. *Barnes* v. *Barnes*, 291 Mass. 383, 385. Though counsel for the surviving plaintiffs could not technically represent said Dwelley or his estate in the argument of the case in the full court after his death, it would have been proper, if his appeals had been rightly before the court, to regard such counsel as having been heard on the merits as *amicus curiae* in behalf of him or his estate. *Barnes* v. *Barnes*, 291 Mass. 383, 385. In the circumstances of the case, therefore, in order to preserve to the defendants the fruits of the decision in their favor by the single justice that has been held by this court after full argument and consideration to be correct, the decrees originally entered should be affirmed as of an appropriate date after April 15, 1940, and before September 17, 1940, the date of the death of said Dwelley. *Perkins* v. *Perkins*, 225 Mass. 392, 396–397, and cases cited. *Barnes* v. *Barnes*, 291 Mass. 383, 386. *DesLauries* v. *Shea*, 300 Mass. 30, 40–41. This rescript, therefore, is substituted for the rescript previously issued.

*D. E. Hall*, (*P. N. Jones & R. D. Gerould* with him,) for the defendants.
*J. B. Abrams*, (*M. Palais & F. G. Hinckley* with him,) for the plaintiffs.