**BONESTEEL v. STEELCO STAINLESS STEEL, Inc.**

Civ. A. No. 27005.

United States District Court.
N. D. Ohio, E. D.

Oct. 17, 1950.

R. S. Horan and Horan & Bell, all of Cleveland, Ohio, for plaintiff.

Douglas F. Schofield and Arthur & Schofield, all of Cleveland, Ohio, for defendant.

FREED, District Judge.

This action is for an accounting for money alleged to be owing for services as salesman, field manager, and supervisor rendered to the defendant by the plaintiff, a resident of Ohio. The defendant moves to dismiss the complaint or to quash service on the ground that it is a foreign corporation which is not doing business within the jurisdiction of the Court and moves to dismiss the complaint for lack of the requisite jurisdictional amount.

The plaintiff in opposition to the motion to dismiss contends, first of all, that the defendant has waived objections to the service of process and jurisdiction over its person by virtue of its motion to dismiss for want of jurisdictional amount. Rule 12(b), Federal Rules of Civil Procedure, 28 U.S. C.A., makes it clear that there has been no such waiver.

The defendant asserts that the complaint and summons were served on the vice-president of the corporation while he was only temporarily in Cleveland for the purpose of securing legal representation for the company. While service under such

986

circumstances would not suffice in itself to subject a foreign corporation to the jurisdiction of this Court, it is proper service under Rule 4(d) (3) to summon before the Court a foreign corporation already jurisdictionally present by virtue of the fact that it is doing business here. See Twin Lakes Land & Water Co. v. Dohner, 6 Cir., 242 F. 399, 403; Hopton v. U. S. Gypsum Co., D.C., 46 F.Supp. 292, 295. The critical question before the Court on the motion, therefore, is whether the defendant is doing business here to such an extent that it may be said to be "present" for jurisdictional purposes.

The affidavit and exhibits submitted in connection with the motion reveal these undisputed facts.

■ The defendant corporation is incorporated in Illinois and has its home offices at Chicago. It is in the business of selling stainless steel cooking ware throughout the United States by means of the so-called "home demonstration" method. It is stated in the brief of the defendant that it has a gross sales volume within this District of nearly a half a million dollars.

These sales are made by sales representatives called "dealers" who are residents of Ohio. These salesmen, who operate under a written franchise and are compensated on a commission basis, devote all or part of their time to the sale of the corporation's product.

The purchase contracts secured by these salesmen are subject to confirmation at defendant's home office. With the exception of an initial deposit given to the local salesman, all payments are made to that office. Orders are filled by shipment to the purchaser from defendant's Chicago stockroom. After delivery of the merchandise to the customer, the salesman is required to call at the customer's home to give instructions in the proper use of the product. It is at this time that the salesman usually takes possession of the customer's trade-in used kitchenware which has been credited against the purchase price of the new utensils.

The company has appointed a Cleveland district manager and shares equally with him the expense of maintaining a Cleveland office which bears the company's name. The duties of the resident district manager are said to be "securing applications for franchises from prospective new 'dealers', training said 'dealers' in company sales methods, supervising and improving their selling methods, processing purchase contracts, and similar duties * * *."

On these facts which are not contested, and disregarding additional facts which are in dispute, this Court is of the view that the defendant corporation is doing business within, and is subject to, the jurisdiction of this Court. The decisions of the Court of Appeals for this Circuit in Lasky v. Norfolk and Western Ry. Co., 6 Cir., 157 F.2d 674 and in Bach v. Friden Calculating Machine Co., 6 Cir., 167 F.2d 679, which reflected the impact of International Shoe Co. v. State of Washington, office of Unemployment, etc., 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, necessitate that conclusion.

The regular and systematic solicitation of orders by the resident salesmen of the company which results in the shipment of a substantial volume of goods into the state by the defendant, the maintenance of a local office, the appointment of a local resident district manager to recruit new salesmen, to train such salesmen in the sales methods and sales follow-up prescribed by the company manifest the presence of the defendant within the jurisdiction of this Court. It is not material to the question that the corporation's business may be wholly interstate in character. International Harvester Co. of America v. Commonwealth of Kentucky, 234 U.S. 579, 34 S.Ct. 944, 58 L.Ed. 1479.

The motion to quash or to dismiss will be denied.

The defendant moves to dismiss for want of jurisdictional amount. No such defect appears on the face of the complaint, but the defendant asserts that the contract under which plaintiff was employed did not require "further" commissions to be paid until ninety days after termination of the relationship and that the present suit was filed before that time. The plaintiff contends that the contract provision is not effective to prevent immediate resort to the

remedy of an accounting in view of defendant's alleged breach of related provisions of the contract involving monthly reports of and prompt payment of commissions earned.

 In determining whether the requirement of jurisdictional amount has been satisfied the Court is not compelled to make full inquiry into the merits of the cause but simply to determine whether the amount which is in good faith controverted exceeds the statutory requisite. The plaintiff contends that he is entitled to an accounting for a sum in excess of three thousand dollars which was due and owing at the time suit was filed. There is nothing to indicate that the amount of the claim is not stated in good faith, nor can it be said to a legal certainty that the obligation was not then due.

The motion to dismiss for want of jurisdictional amount will be denied.