**STEELCO STAINLESS STEEL, Inc. v.
PERMANENT STAINLESS
STEEL CORP. et al.**

**Civ. A. No. 27141.**

United States District Court
N. D. Ohio, E. D.
March 7, 1951.

Douglas F. Schofield and Arthur & Schofield, all of Cleveland, Ohio, for plaintiff.

R. S. Horan and Horan & Bell, all of Cleveland, Ohio, Skivington & Skivington, Rochester, N. Y., for defendants.

FREED, District Judge.

The complaint consisting of eleven causes of action in a verbose manner charges that three corporations and twenty-three individuals conspired to destroy plaintiff's sales organization and business in its "Cleveland district." The instant motion is divided into three parts. Part A is a comprehensive motion to strike from the files (1) defendants' motion for the production of documents, (2) two sets of interrogatories each submitted on behalf of different defendants, and (3) eleven answers filed for nineteen of the twenty-six defendants. Part B is a motion for an order protecting the plaintiff from annoyance, etc., through interrogatories, Rule 30(b), Federal Rules of Civil Procedure, 28 U.S.C.A. Plaintiff requests that if the motion to strike (Part A) be overruled, it be granted permission to submit objections to interrogatories and other motions. Part C, in stereotyped fashion, asks the Court to make such other orders as may seem just in the premises.

In support of the motion to strike defendants' motion for production, it is urged that the defendants either have copies of the documents, or have such complete knowledge of their contents as to render such a motion redundant, immaterial, and impertinent. Defendants' motion states that plaintiff has exclusive control of the records. Plaintiff argues that authority to make such inspection could serve no useful purpose. Despite this, plaintiff says that it is perfectly willing to permit the examination, inspection, and copying of the books and records in its possession. In view of this position, and the ruling made by this Court in the companion case of Bonesteel v. Steelco Co., 97 F.Supp. 985, wherein a similar motion for production was granted, the motion to strike defendants' motion for production will be overruled.

Part A(2) of the motion aims to have the two sets of interrogatories removed from the file. In connection with

this request, plaintiff's motion in Part B asks for an order directing defendants to consolidate interrogatories into one set. The motion to strike is clearly not the proper method to achieve the desired result. The motion will be overruled.

 The motion to strike the eleven answers, Part A(3) and (4) is predicated on the assertion and fact that all defendants are represented by the same counsel. The relief desired is consolidation of the pleadings into a "single comprehensive answer for all defendants wishing to assert a defense." In conjunction with this request plaintiff also asks that the six counterclaims be stated in one pleading because each is based to a large degree upon identical facts. Plaintiff suggests that all counterclaims be combined so that only the different facts of each are separately stated. It is the position of the plaintiff that the several answers and counterclaims, by needless repetition, are clearly redundant and, by the imposition of an additional burden on the Court, are impertinent.

It should be noted, at the outset, that each of the several defendants is entitled to a separate and independent determination of his liability or counterclaim. Consequently, each may answer in a separate pleading. The proposition urged here, that all defendants must admit or deny the same facts because they are represented by the same counsel, is not only novel, but borders on absurdity. The motion to strike will in all particulars be overruled.

Part B of the motion, which seeks a protective order, is comprised of three divisions.

Part B(1) asks that defendants be limited to one set of interrogatories because the two sets of interrogatories presented to plaintiff clearly embarrass, annoy and oppress plaintiff and will cause it undue expense. Rule 33 expressly provides that the number or sets of interrogatories is not limited except as justice requires. The conclusion of plaintiff that justice requires such limitation is unsupported by any factual basis urged by plaintiff. Nor has this Court found any grounds for this relief. No such limitation is required now.

Insofar as the plaintiff asks for protection from interrogatories dealing with information available to defendants, Parts B(2), (3), it is manifest that such request lacks reason. If such interrogatories are objectionable, the Rules provide the proper protection. Absolutely no purpose could be served by having this Court rule prospectively on the propriety of interrogatories. It may be noted parenthetically that plaintiff must only "furnish such information as is available" to him, Rule 33. Obviously, both parties often have "knowledge" of facts; one purpose of interrogatories is to determine what the other party contends to be the true facts.

In respect of other motions or objections contemplated, plaintiff must be guided by the clearly delineated Rules of Civil Procedure.

The motion will, in all particulars, be overruled.