**KRNACH v. ELECTRO LIFT, Inc. et al.**

**No. 28780.**

United States District Court,
N. D. Ohio, E. D.

July 11, 1952.

M. C. Harrison, C. Craig Spangenberg, Cleveland, Ohio, for plaintiff.

Sumner Canary, Arter, Hadden, Wykoff & Van Duzer, Cleveland, Ohio, for defendants.

FREED, District Judge.

This is an action for personal injuries alleged to have been sustained by plaintiff because of the faulty construction of one of defendant's (Electro Lift, Inc.) machines which he was operating at the time of the injury. Plaintiff predicates his action on breach of warranty. He is a resident of Cleveland, Ohio. Both defendants are foreign corporations. Service was obtained on defendant Electro Lift, Inc. by serving one Perry W. Rice who is described in the return as "an employee and/or managing agent" of that company. Defendant Electro Lift, Inc. now moves to dismiss the action or in lieu thereof to quash the return on the ground that Rice is not nor has ever been its employee or managing agent and that it is not "doing business" in Ohio so as to require the services of a managing agent or employee in Ohio.

Defendant is in the business of manufacturing electric lift devices for commercial use. It is organized and existing under the laws of the State of New York and has its principal office in New York City and its principal manufacturing plant in New Jersey. None of its manufacturing operations are carried on in Ohio.

Perry W. Rice, who describes himself as a "Manufacturer's Agent", conducts his business from his home in Cleveland, Ohio. He represents three manufacturing companies, one of which is defendant herein.

His activities on behalf of defendant are those of solicitor of business in an exclusive territory comprised primarily of Northern Ohio. Rice is compensated by commission based on all sales in the territory whether such sales are realized through his solicitation or made directly from the home office of defendant. Rice pays all of his business expenses from these commissions. He employs his son and a secretary to aid him in his work for all three companies which he represents. He has no authority to conclude contracts, but merely forwards orders to defendant's home office for acceptance or rejection. However, in addition to his regular duties as solicitor of orders, Rice often investigates the complaints of customers and determines whether a given machine should be returned to the factory for repair. He has no authority to receive payment of accounts, but there were occasions when, at the instance of defendant's home office, he has investigated overdue bills. When he receives a check in payment on an account he forwards the check to defendant's New York office.

All prices for machines sold to Ohio customers are fixed exclusively in defendant's office. Machines are shipped directly to the customers via interstate commerce. Defendant's volume of sales to Ohio customers amounted to approximately $200,000 in 1951. Defendant is listed in the Cleveland telephone directories, and Rice has made arrangements for a similar listing in the City Directory. Defendant's president and chief engineer, from time to time, have visited Cleveland for the purpose of conferring with Rice on problems that have arisen. Under the facts and circumstances thus outlined, "The critical question before the Court on the motion, therefore, is whether the defendant is doing business here to such an extent that it may be said to be 'present' for jurisdictional purposes." Bonesteel v. Steelco Stainless Steel, Inc., D.C.N.D.Ohio, 1950, 97 F.Supp. 985, 986,

Rule 4(d)(3) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides for service of process on a foreign corporation by delivery of a copy of the summons to its

"managing or general agent" in the state. Rule 4(d)(7) provides for service in the manner prescribed by the law of the state in which it is to be made. The applicable law of Ohio is to be found in Ohio General Code, Section 11290 which permits service on foreign corporations by delivery of a copy of the summons to its "managing agent" or, when the cause of action has accrued within the state, to its "employee".

▪ Whether or not the person through whom the corporation is sought to be served may properly be termed its "managing agent" is to be determined by the character of the business transacted within the state. United States v. American Bell Telephone Co., C.C.S.D.Ohio, 1886, 29 F. 17, 41. If that business is so substantial as to render the corporation amenable to suit in the state, its principal agent in charge of activities within that state is its "managing agent". Perkins v. First Nat. Bank of Cincinnati, 1948, 79 N.E.2d 159; Bomze v. Nardis Sportswear, 2 Cir., 1948, 165 F.2d 33, 37, construing the term "managing agent" as it appears in the New York Civil Practice Act. It should be noted that the Ohio courts have liberally construed the term "managing agent". Baltimore & O. R. Co. v. Wheeling, etc. Transp. Co., 1877, 32 Ohio St. 116; Simonson v. Gulf Refining Co., 1942, 23 O.O. 486.

▪ It must be apparent from what has been said that the sufficiency of service of process turns on the question of whether or not the defendant corporation is "present" in the State of Ohio so as to make it amenable to suit in this District. Lasky v. Norfolk & Western Ry., 6 Cir., 1946, 157 F.2d 674; Bonesteel v. Steelco Stainless Steel, Inc., supra; Willett v. Union Pac. R. Co., D.C.N.D.Ohio, 1943, 76 F.Supp. 903. Although it may be claimed that the Supreme Court in International Shoe Co. v. Washington, 1945, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, did not deal with the identical problem; nevertheless, it cannot be successfully urged that the Court failed to delineate the requirements which are determinative of corporate "presence" for the purposes of the question here posed.

The problem was analyzed clearly and at great length. In that case the defendant was a Delaware corporation with its principal offices in Missouri. An action was brought against it in the state court in Washington to enforce an unemployment assessment under the laws of that state. The defendant was served by personal service on one of its eleven sales solicitors in Washingon. All of these solicitors resided in Washington. It was their duty to solicit orders for defendant's products none of which were manufactured in Washington. The solicitors were under the direct control of the defendant's Missouri office and had no authority to conclude sales All orders which they received were forwarded to the Missouri office for acceptance or rejection. The solicitors were compensated by commissions based on their sales. On occasion the solicitors rented rooms in Washington for the purpose of displaying the defendant's products. They were later reimbursed by the defendant for the cost of such rentals. All orders were filled F.O.B. from points outside of Washington and consigned directly to the customers. Payment was made directly to defendant and no sales solicitor had authority to collect accounts.

The defendant there maintained that its activities in Washington were not sufficient to make it present in that state, and that to permit a suit to be brought against it in Washington would be to violate the due process clause of the Constitution. The Court rejected that contention and held that the defendant was amenable to suit in Washington. The Supreme Court reasserted the general proposition announced in Green v. Chicago, B. & O. R. Co., 1907, 205 U.S. 530, 533, 27 S.Ct. 595, 51 L.Ed. 916, that the mere solicitation of business in a given state is not sufficient activity to render a foreign corporation liable to suit in that state unless the cause of action arose out of such solicitation. The Court concluded that systematic and continuous activities, resulting in a large volume of interstate business, were sufficient to subject the defendant to suit in Washington.

134

The facts in the instant case are sufficiently similar to those in the International Shoe Co. case to bring it within the rationale of the conclusion there reached. The inescapable answer is that the instant facts render the defendant present in this jurisdiction for the purposes of the suit which the plaintiff seeks to maintain.

The motion will be overruled.