James K. DUKES

v.

THE Diesel Tankers N. W. GOKEY, Inc. (two cases).

Civ. A. No. 21250.

Admiralty No. 283 of 1956.

United States District Court
E. D. Pennsylvania.

Jan. 8, 1958.

---

William M. Alper, of Freedman, Landy & Lorry, Philadelphia, Pa., for plaintiff.

James F. Young, of Clark, Ladner, Fortenbaugh & Young, Philadelphia, Pa., for defendant.

GANEY, District Judge.

James K. Dukes, a non-resident of Pennsylvania, claims to have received injuries while he was serving as a member of the crew of the tanker "N. W. Gokey" on or about August 2, 1955. The alleged injuries occurred while the vessel was en route from Jacksonville, Florida, to New York City, and were in no way connected with acts or omissions within Pennsylvania. He brought a civil action under the Jones Act, 46 U.S.C.A. § 688 against Diesel Tankers N. W. Gokey, Inc. ("Gokey"), owner of the N. W. Gokey, and a suit in admiralty under the general maritime law against the same owner. Gokey is a corporation organized under the laws of New York State, and has its principal place of business in New York City. It is in the business of transporting petroleum products in the coastwide trade. The tanker N. W. Gokey is the only vessel owned by it.

Gokey has not registered to do business in Pennsylvania, nor has it expressly appointed any one to accept service of process on its behalf in Pennsylvania.

In September of 1956, substituted service of process in the action and suit was made upon Spentonbush Fuel Transport, Inc. ("Spentonbush"), at its Philadelphia office, as agent for Gokey. Spentonbush is a corporation organized under the laws of New York State and has its principal place of business in New York City. It is authorized to do business in Pennsylvania and has an office in Philadelphia. The matter is now before us on Gokey's motion to dismiss the complaint in the civil action, and its exceptive allegations to dismiss the libel in the admiralty suit, for lack of jurisdiction over its person for the claimed reasons that (1) it was not subject to service of process within this district at the time Spentonbush was served with process, and (2) Spentonbush was not authorized to accept service on its behalf in Pennsylvania.

At the outset, Gokey admits, as it must, that during the period immediately prior to the time process was served, it was doing business here even though its tanker was not here, for from 1953 until August of 1956, the tanker N. W. Gokey made approximately sixty business trips into the Eastern District of Pennsylvania, the district of this court. See Holland v. Parry Nav. Co., Inc., D.C. E.D.Pa.1947, 7 F.R.D. 471. Therefore the question posed is whether Spentonbush is deemed to have been authorized, in accordance with Federal Rules Civ. Proc. rule 4(d) (3), 28 U.S.C., to receive service of process on behalf of Gokey.

Spentonbush claims to be an independent cargo broker. Prior to the time of the service of process, it solicited cargoes of petroleum products to be transported by vessels, collected the freight and remitted the balance to the owners or operators of such vessels after deducting a commission. It passed on to the vessels information as to the time when and places where the cargo would be availa-

ble for transportation, and accepted notice of and information concerning claims arising out of the delivery and handling of cargoes. The simple process of loading cargo on the vessel was performed by the shipper and was discharged at the places of destination by the vessel's pumps pursuant to the provisions of contracts arranged by Spentonbush. All of Gokey's shipments to or from this district were pursuant to arrangements made by Spentonbush. It did not man, provision, or repair the vessels, or handle complaints arising out of the operation of such vessels. However if it did receive information concerning such complaints, it would forward that information to the vessel owner or operator. Although Spentonbush does not own any stock in Gokey, and Gokey does not own any stock in the former, the president of Spentonbush is the second vice-president of Gokey, and its vice-president is also the vice-president of Gokey. After Spentonbush was served with process and a copy of the complaint and the libel, it forwarded the papers to Gokey in New York City.

Even though this may not be the most convenient district for Gokey, its contracts here were of such a nature that the requiring of it to defend the action and suit here does not offend traditional notions of fair play and substantial justice. International Shoe Co. v. State of Washington, 1945, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95; McGee v. International Life Insurance Company, 78 S.Ct. 199.

The service rendered Gokey by Spentonbush in this district may not have compared favorably quantitatively and qualitatively to Gokey's total activities elsewhere. Nevertheless had Gokey actually assigned a private agent in this district for the purpose of soliciting petroleum cargoes solely for Gokey, that agent could have done little more than Spentonbush did. In addition substituted service of process, complaint and libel upon Spentonbush gave reasonable assurance that notice of the action and suit would be transmitted to Gokey. See In-

ternational Shoe Co. v. State of Washington, supra, 326 U.S. at page 320, 66 S.Ct. at page 160; Szabo v. Smedvig Tankrederi A. S., D.C.S.D.N.Y.1951, 95 F.Supp. 519, 522. Under these circumstances, it seems to us, Gokey must be deemed to have appointed Spentonbush as an agent to accept service of process on its behalf in this district. Remington Rand, Inc., v. Knapp-Monarch Co., D.C.E.D.Pa.1956, 139 F.Supp. 613, 621–622; Allegue v. Gulf & South America S. S. Co., D.C.S.D.N.Y.1952, 103 F.Supp. 34; Krnach v. Electro Lift, D.C. N.D.Ohio 1952, 13 F.R.D. 131. Consequently Gokey was properly served in this district, for service on Spentonbush was effective service upon Gokey.

Accordingly, the motion to dismiss will be denied, and the exceptive allegations will be overruled.