**Mrs. Jane K. WARD**

and

**Arthur Ward, Jr., Plaintiffs,**

v.

**ASSOCIATED MOTORCYCLES LIMITED, Inc., Defendant.**

**Civ. A. No. 63–420–S.**

United States District Court
D. Massachusetts.

Jan. 21, 1966.

Robert L. Spangenberg, Swartz & Spangenberg, Albert P. Zabin, Schneider & Reilly, Boston, Mass., for plaintiffs.

Alfred Sigel, Boston, Mass., for defendant.

SWEENEY, District Judge.

The defendant (hereinafter Associated), in this action to recover damages for negligence and breach of warranty, has moved to dismiss the complaint or to quash the return of service.

An affidavit in support of the motion recites that Associated is an English corporation with its principal place of business in London, that it was not at the time of service, and has not been since then, doing or soliciting business in Massachusetts; that it had no assets, personnel or telephone listing in the state; and that Lawrence Paul, upon whom service was made as agent, has never been its agent, officer in charge of its business or even its employee. In opposition to the motion the plaintiffs rely on interrogatories addressed to and answered by the Indian Company (hereinafter Indian), the defendant in another case brought by these plaintiffs, which arose out of the same motor cycle accident that gave rise to the instant suit. The answers of Indian indicate that it was a Delaware corporation qualified to do business in Massachusetts and was wholly owned by Associated, the manufacturer of the motor cycle in issue. Indian is, apparently, no longer functioning although it is still qualified to do business in Massachusetts. It "was the manufacturer's representative for the purpose of ordering, billing, fulfilling the Indian Company's warranty, advertising and sales promotion." It maintained a stock of parts; and in 1960 and 1961, Indian advertised Associated's motor cycles in a number of national magazines. With respect to the motor cycle in suit Indian states that "[A] distributor had placed an order with [it] which ordered a quantity of cycles from Associated. The cycle was shipped from England directly to the distributor who paid [Indian] and [Indian] paid on an open account."

Service in this case was, after two unsuccessful attempts, finally made on one Lawrence O. Paul who had been the president of Indian, but who in a letter to the Clerk of this court on May 28, 1965, stated that he has been "in no way connected with the defendant [Associated] for the past three years and at no time was * * * ever authorized to speak in their name." He states further that although he was president of Indian, an affiliate of Associated, he had no position with Associated, itself.

Two questions are presented by the motion—whether Associated, by reason of the activities of Indian and its ownership thereof, may be "found" within the district so as to subject it to the court's jurisdiction, International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), and whether it was properly served by service on Paul.

As a general rule, mere ownership of a subsidiary corporation which does business in the forum state does not subject the foreign parent to the jurisdiction of the forum. Cannon Mfg. Co. v. Cudahy Co., 267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634 (1925). To hold the foreign corporation it is necessary to show that the subsidiary is not a distinct entity but only an agent for the parent. Anderson v. British Overseas Airways Corp., 144 F.Supp. 543, 547 (S.D.N.Y. 1956). The only evidence of any agency is the fact that Indian was "the manufacturer's representative for the purpose of ordering, billing and fulfilling the Indian Company's warranty, advertising and sales promotion." The activities in the forum of a manufacturer's representative of a foreign corporation may establish the latter's presence within the forum, Nugey v. Paul-Lewis Laboratories, 132 F.Supp. 448 (S.D.N.Y.1955), Krnach v. Electro Lift, 13 F.R.D. 131 (N.D.Ohio 1952), but in those cases the court was presented with considerably more facts and details as to the quality and nature of the agent's activities in behalf of its principal,[1] than the plaintiff, here, has produced. I find the evidence of agency, here, insufficient to

---

1. The agent in *Nugey*, for example, collected market information for the foreign defendant, represented it in settlement disputes, made purchases for it, accepted orders in its behalf, and listed the defendant's name in the telephone directory. Moreover, the defendant regularly solicited business through the agent and its business in the forum was steady, regular and growing.

subject Associated to the jurisdiction of this court. Nor has the plaintiff come forward with any facts concerning the relationship of Associated and Indian, which would make Associated amenable to suit here. Compare Blount v. Peerless Chemicals (P.R.) Inc., 316 F.2d 695 (2d Cir. 1963) and A. G. Bliss Co. v. United Carr Fastener Co. of Canada, 116 F. Supp. 291 (D.C.Mass.1953), aff'd 213 F.2d 541 (1st Cir. 1954) with Boryk v. de Havilland Aircraft Co., 341 F.2d 666 (2d Cir. 1965) and Fooshee v. Interstate Vending Co., 234 F.Supp. 44 (D.C.Kan. 1964).

In addition, service on Paul was in any event, invalid, since he was no longer managing or general agent of either Indian or Associated (if he ever had been) at the time he was served with process in this action, Wade v. Romano, 179 F.Supp. 72 (E.D.Pa.1959), and since Indian was not then engaged in or soliciting business in the Commonwealth. M.G.L.A. c. 223 § 38, Turner v. United Mineral Lands Corp., 308 Mass. 531, 33 N.E.2d 282, supplemented 309 Mass. 553, 36 N.E.2d 906 (1941).

The motion to dismiss the action is, accordingly, allowed.