**CABOT SAFETY INTERMEDIATE CORPORATION, Plaintiff,**

v.

**ARKON SAFETY EQUIPMENT, INC. and Arkon Safety Equipment, Inc. of USA, Defendants.**

**No. CIV. A. 98–40058–NMG.**

United States District Court, D. Massachusetts.

July 1, 1998.

William J. Cass, Fishman, Dionne, Cantor & Colburn, Windsor, CT, for Plaintiff.

James R. Cartiglia, St. Onge Steward Johnston & Reens, Stamford, CT, Martha B. Allard, New Canaan, CT, for Defendants.

## MEMORANDUM AND ORDER

GORTON, District Judge.

On April 20, 1998, Cabot Safety Intermediate Corporation ("Cabot") filed an action against Arkon Safety Equipment, Inc. ("Arkon–Canada") and Arkon Safety Equipment, Inc. of USA ("Arkon–USA") alleging infringement of Claim 1 of Cabot's Patent No. 4,867,149 ("the '149 patent") under 35 U.S.C. § 271. Pending before this Court is Arkon–Canada's motion to dismiss for lack of personal jurisdiction (Docket No. 3).

### I. *Background*

Cabot alleges that Arkon–USA and its parent corporation, Arkon–Canada, have infringed the '149 patent by selling a multi-flange ear plug under the trade names Comfort–Fit and Track–Fit (collectively "the new ear plug").

Cabot previously sued Arkon–USA for infringement of another ear plug. This action was originally made a part of the earlier action, but, on April 16, 1998, this Court issued an order severing the claim of infringement by the new ear plug from the prior litigation.

### II. *Analysis*

#### A. *Personal Jurisdiction*

When a defendant contests a court's personal jurisdiction, the plaintiff bears the burden of proving that jurisdiction lies in the forum state. *Sawtelle v. Farrell*, 70 F.3d 1381, 1387 (1st Cir.1995). Arkon–USA does not contest the fact that it is subject to personal jurisdiction in Massachusetts. Arkon–Canada is, therefore, subject to personal jurisdiction in Massachusetts if, *inter alia*, Arkon–USA acted merely as an agent for Arkon–Canada. *See Ward v. Associated Motorcycles Ltd.*, 250 F.Supp. 128, 129 (D.Mass. 1966).

#### B. *Piercing the Corporate Veil*

■ Ordinarily, the legal distinction between a corporation and its subsidiary is judicially recognized in the exercise of personal jurisdiction. *See Cannon Mfg. Co. v. Cudahy Packing Co.*, 267 U.S. 333, 336–37, 45 S.Ct. 250, 69 L.Ed. 634 (1925); *Escude Cruz v. Ortho Pharmaceutical Corp.*, 619 F.2d 902, 905 (1st Cir.1980). The presumption of corporate separateness may be overcome, however, "by clear evidence that the parent in fact controls the activities of the subsidiary." *Escude Cruz*, 619 F.2d at 905.

■ The Supreme Judicial Court of Massachusetts has explained that it is appropriate to depart from the general principle of corporate separateness:

(a) when there is active and direct participation by the representatives of one corporation, apparently exercising some form of pervasive control, in the activities of another and there is some fraudulent or injurious consequence of the intercorporate relationship, or (b) when there is a confused intermingling of activity of two or more corporations engaged in a common enterprise with substantial disregard of the separate nature of the corporate entities, or serious ambiguity about the manner and capacity in which the various corporations and their respective representatives are acting.

*My Bread Baking Co. v. Cumberland Farms, Inc.*, 353 Mass. 614, 619, 233 N.E.2d 748 (1968).

■ Cabot contends that the corporate form should be disregarded in this case because 1) Arkon–Canada exercises pervasive control over Arkon–USA and 2) Arkon–USA has used the corporate form to withhold otherwise discoverable documents from Cabot. With respect to control, it is undisputed that a) Arkon–Canada owns all of the stock of Arkon–USA, b) there is an exact identity of officers in the two corporations, c) all of those officers reside in Canada and d) both parent and subsidiary sell safety protection equipment. Based upon those facts it is evident to this Court that Arkon–Canada exercises pervasive control over Arkon–USA.

With respect to the consequences of that control, Cabot argues that Arkon–USA used the corporate form to withhold documents from Cabot relating to the design and manufacture of the earplugs sold by Arkon–USA in Massachusetts. In the prior litigation, Cabot served interrogatories on Arkon–USA asking, *inter alia,* for information concerning the design and manufacture of Arkon's ear plugs. F. Nato Sergi, an officer of both Arkon–USA and Arkon–Canada, responded on behalf of Arkon–USA that it had no such information.

Cabot contends that because Mr. Sergi was, in fact, involved with the design and manufacture of the ear plugs as an officer of Arkon–Canada, his response that Arkon–USA had no knowledge concerning their design and manufacture was evasive and disingenuous and resulted in an injurious consequence to Cabot, namely, an inability to obtain discoverable material. This Court agrees.

Because Cabot has at least satisfied both prongs of the first test for piercing the corporate veil as described in the *My Bread* decision, this Court will disregard the corporate form and, therefore, deny Arkon–Canada's motion to dismiss for lack of personal jurisdiction.

### ORDER

For the foregoing reasons, Arkon–Canada's motion to dismiss for lack of personal jurisdiction (Docket No. 3) is **DENIED.**

**So ordered.**