MARGARET RICE *vs.* JOHN RICE.

Essex. November 18, 1903. — January 5, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & BRALEY, JJ.

*Superior Court. Husband and Wife. Practice, Civil.*

An appeal to the Superior Court from a decree of the Probate Court, declaring that the petitioner is living apart from her husband for justifiable cause and ordering that he be prohibited from imposing any restraint upon her personal liberty until further order of the court, does not abate on the death of the wife, testate, there being under R. L. c. 153, § 36, a question of property in regard to the husband's right to waive the provisions of his wife's will which must be disposed of by the Superior Court on the appeal.

KNOWLTON, C. J. Under the R. L. c. 153, § 33, the petitioner filed in the Probate Court a petition averring that she was living apart from the respondent, her husband, for justifiable cause, and that there was no issue of the marriage, and praying that he might be prohibited from imposing any restraint upon her personal liberty and from entering certain premises belonging to her, and that he should pay such sum as the court might order. On this petition the Probate Court made a decree stating that the petitioner was then living apart from the respondent for justifiable cause, and ordering that he be prohibited from imposing any restraint upon her personal liberty until the further order of the court. From this decree the respondent appealed to the Superior Court and the appeal was duly entered there. Afterwards the petitioner deceased, and the respondent moved that her executor or administrator be summoned as a party to the proceedings. The executor of her will then appeared specially and suggested the death of the petitioner, and moved that the appeal be dismissed. This motion was allowed, and the respondent appealed to this court.

A petition of this kind, in a case where there are no children of the marriage, is brought for relief which is personal to the petitioner and which cannot be granted with any effect after her death. Like an ordinary suit for a divorce, unless there are peculiar conditions, it is abated by the death of either party before the determination of the issue. *Rawson* v. *Rawson*, 156 Mass. 578. *Brigham, petitioner*, 176 Mass. 223, 226. *Stanhope* v. *Stanhope*, 11 P. D. 103, 108. It is clear that this suit would abate and the petition be dismissed were it not for the fact that a decree was entered for the petitioner by the Probate Court. That decree, with the appeal from it, raises questions which are not free from difficulty. By the R. L. c. 162, § 19, it is provided that such a decree or order " shall have effect, notwithstanding an appeal, until otherwise ordered by a justice of the Superior Court," etc. The R. L. c. 153, § 36, declares that, " If a court having jurisdiction has entered a decree that a married woman has been deserted by her husband or is living apart from him for justifiable cause, . . . the surviving husband shall not be entitled under the provisions of section sixteen of chapter one hundred and thirty-five to waive the provisions of a will made

by her." This case shows that the petitioner made a will; for the executor is before us. If these statutes are given effect literally, the respondent is precluded by the decree from waiving the provisions of this will. On the face of the record, this decree, from which he took an appeal, seems to affect his rights of property, and we must determine what action he may take in regard to it. There are different possible views of the situation. One is that, the decree having been appealed from, and the petitioner having deceased before the case was heard in the appellate court, the suit should abate, the decree be set aside, and the petition dismissed. Another is that, the death having occurred while the decree was in force under the statute, the appeal should be dismissed, and the decree left with the same effect upon the respondent's rights as if there had been no appeal. Another is that the executor, representing the petitioner and the claimants under the will, should be permitted to prosecute the petition in the appellate court for the purpose of protecting the rights of property which the decree gave, and which were left undetermined after the appeal. Action in accordance with either of the first two views would not lead to a result founded on a final determination of the facts in issue between the parties, but upon an arbitrary adjudication as to the effect of existing incidental conditions.

It has been said in many cases that when rights of property have arisen, founded on proceedings for a divorce, and one of the parties has deceased before the conclusion of the proceedings, his representative may become a party to the suit for the purpose of enabling the court to determine the issue and make the decree which shall settle such rights. *Thomas* v. *Thomas*, 57 Md. 504. *Downer* v. *Howard*, 44 Wis. 82. *Danforth* v. *Danforth*, 111 Ill. 236. *Nickerson* v. *Nickerson*, 34 Ore. 1. *Israel* v. *Arthur*, 6 Col. 85. See also *Barney* v. *Barney*, 14 Iowa, 189; *Wilson* v. *Wilson*, 73 Mich. 620; Nelson on Divorce, § 729 *a*. We do not know the value of this right to waive the provisions of the petitioner's will. Plainly it is a right of property which has some value. If the effect of the appeal had been to vacate the decree, we should think the most natural and logical view would be to say that the death of the petitioner before the entry of any effectual decree leaves the parties as if no suit had been brought. But under

the statutes cited, which leave the decree in force until it is otherwise ordered by the Superior Court, and which give the decree this effect upon the right of waiver, it seems almost necessary that further action should be taken to determine the rights of the parties. We are of opinion that the executor should be permitted to represent the petitioner, and that the case should stand for hearing under the appeal upon the question whether the petitioner was living apart from the respondent for justifiable cause.

The effect of appeals and the jurisdiction of the appellate court in cases of this kind were considered at length in *Smith* v. *Smith*, *ante*, 394. That decision makes it plain that it became the duty of the Superior Court, after the entry of the appeal, to proceed with the case so far as necessary to make an order which should finally dispose of all the questions involved in the appeal. The decree to be certified by the Superior Court to the Probate Court in this case should leave nothing for further action in the lower court. The order allowing the motion was erroneous.

*Order revoked.*

*H. I. Bartlett*, for the respondent.

*E. S. Spalding & N. N. Jones*, for the petitioner.