MARGARET G. VAUGHAN *vs.* LILAH M. VAUGHAN.

Middlesex.     February 3, 1936. — March 31, 1936

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Dead Body. Husband and Wife. Widow. Equity Jurisdiction,* Dead body. *Equity Pleading and Practice,* Appeal, Findings by judge.

On the death of a husband before the entry of a decree absolute on a libel for divorce, a right of his widow to select the place of his burial was not barred by an earlier decree *nisi.*

A widow has a right in equity to remove the body of her husband to a burial place chosen by her if he left no directions as to a different place of burial and her reasons for the removal are found to be "laudable."

BILL IN EQUITY, filed in the Superior Court on August 4, 1934.

The suit was heard by *Morton,* J., by whose order a final decree was entered granting the plaintiff relief. The defendant appealed.

*A. T. Smith,* (*A. T. Smith, Jr.,* with him,) for the defendant.

*J. T. Pugh,* for the plaintiff.

PIERCE, J. This is a suit in equity by the widow of Walter W. Vaughan, who died in Newton, Massachusetts, on July 28, 1934, to compel his sister, the defendant, to deliver up his body to the plaintiff or to permit the plaintiff to remove said body from a cemetery in Portsmouth, New Hampshire, where it had been buried in the defendant's

lot without the plaintiff's assent. The answer alleged, in substance, that a decree *nisi* for divorce had been granted said Walter W. Vaughan on June 19, 1934, that the defendant buried the body with the plaintiff's assent, acting in accord with the decedent's wishes, and that the suit was brought to vex the defendant. The case was heard in part on oral testimony, which is stenographically reported in the record, and in part upon certain records and exhibits, copies of which are printed in the record. The trial judge filed "Findings and Rulings" and ordered a decree for the plaintiff. A final decree was entered ordering the defendant to permit the plaintiff to remove the body and to execute and deliver to the plaintiff all necessary documents for said removal "providing that the laws of the State of New Hampshire permit the removal."

It is settled that on an appeal in equity, with a report of all the evidence, "this court will review the evidence and decide the case for itself. But where oral testimony has been heard, the finding of the trial judge as to facts will not be reversed unless it is plainly wrong." *George W. Gale Lumber Co.* v. *Bush*, 227 Mass. 203, 206. *Gordon* v. *Willits*, 263 Mass. 516, 519–520. *Jennings* v. *Demmon*, 194 Mass. 108, 111. The trial judge found that the deceased owned at his death a lot in a cemetery in Newton, Massachusetts. He ruled that there is no right of property in a dead body; that controversies as to the place of burial are within the jurisdiction of a court of equity; and that equity gives the right of removal of a dead body even after a suitable burial, "if for laudable purposes and not against the expressed intention of the deceased." The reported evidence warranted the judge in finding that the decedent "bought the lot in Newton with the intent that it should be his family lot, and owned it at the time of his death." He ruled that under the provisions of G. L. (Ter. Ed.) c. 114, §§ 31, 32, the son and wife apparently had the right to be interred in said lot, and found "it is only natural that the mother, no matter what her feelings towards her husband were, should desire that he should be interred in a lot which in time would be used by a much loved child with whom she would naturally be in-

terred"; and that such "a desire is entirely laudable and in accord with what are the natural wishes of her husband."

It may be noted that the will of the husband, printed in the record, contains no reference to his cemetery lot or to his place of burial. In England the executor has the right to the possession of the body of his testator and the duty to bury it. *Williams* v. *Williams,* 20 Ch. D. 659. In this Commonwealth the right to possession of the dead body is in the surviving husband or wife, with the duty of burial, and not in the executor or administrator where there is no expressed wish of the testator as to the disposition of the remains. The wishes of the surviving husband or wife will control against the next of kin. *Burney* v. *Children's Hospital,* 169 Mass. 57, 58, and cases collected. *Weld* v. *Walker,* 130 Mass. 422. *Durell* v. *Hayward,* 9 Gray, 248. *Sheehan* v. *Commercial Travelers Mutual Accident Association of America,* 283 Mass. 543, 553. To the same effect see *Hackett* v. *Hackett,* 18 R. I. 155; *Pettigrew* v. *Pettigrew,* 207 Penn. St. 313, 319; *Neighbors* v. *Neighbors,* 112 Ky. 161; *Toppin* v. *Moriarty,* 14 Dick. (N. J.) 115; 33 Am. L. R. 1427, 1432. Compare *Wynkoop* v. *Wynkoop,* 42 Penn. St. 293, 82 Am. Dec. 506, to the effect that a court of equity may refuse to grant removal where the motives are not laudable or meritorious.

There is nothing in the defendant's contention that the plaintiff is only "technically" the widow of the deceased and therefore without "legal rights" with reference to his interment. The plaintiff was "legally" the wife of the deceased and entitled to her legal rights in his estate and with regard to his interment. *Chase* v. *Webster,* 168 Mass. 228, 230. *Diggs* v. *Diggs,* 291 Mass. 399, 401–402. As above stated the plaintiff and her son had the legal right under G. L. (Ter. Ed.) c. 114, §§ 31, 32, to be interred in Vaughan's cemetery lot in Newton, where his mother was buried, and under G. L. (Ter. Ed.) c. 193, § 1, the plaintiff had a further right of priority in the administration of his estate had he died intestate.

The final question is whether in the circumstances of this case equity upon considerations of propriety and justice will refuse relief to the plaintiff which, aside from the divorce

*nisi,* would be granted to her as of right. The trial judge found on all the evidence, which he had the right to believe or disbelieve in whole or in part, that the plaintiff's desire was "laudable." This conclusion of fact refutes the contention in the defendant's answer that the bill was brought "for the sole purpose of causing her pain and suffering at this time of her [the defendant's] deep grief and not because the plaintiff has any desire whatsoever to secure the body of the said Walter W. Vaughan." The plaintiff's desire that her husband "be interred in a lot which in time would be used by a much loved child with whom she would naturally be interred" is entirely laudable, and is not inconsistent with the natural or any expressed wishes of her husband.

The final decree as entered has no restriction on the plaintiff as to the place of burial. It is agreed by the plaintiff that the final decree may be modified by inserting the words "to the lot of said Walter W. Vaughan in the Newton Cemetery in this Commonwealth," after the words "said cemetery" in the sixth line of said final decree. The decree as so modified is affirmed with costs.

*Ordered accordingly.*