ALICE PINE *vs.* BEN PINE.

Essex.    October 8, 1948. — December 28, 1948.

Present: QUA, C.J., LUMMUS, DOLAN, WILKINS, & WILLIAMS, JJ.

*Marriage and Divorce,* Death of party, Decree, Appeal. *Probate Court,* Decree, Appeal.

A decree nisi of divorce and for alimony entered in a Probate Court was prevented from becoming absolute at the expiration of six months after its entry by suspension of its operation under G. L. (Ter. Ed.) c. 215, §§ 23, 24, pending decision by this court on an appeal therefrom.

Death of a party to a divorce proceeding before a decree nisi of divorce and for alimony had become absolute terminated the proceeding and required a decree dismissing the libel.

LIBEL for divorce, filed in the Probate Court for the county of Essex on September 4, 1947.

The case was heard by *Costello, J..*

*H. C. Thompson,* (*F. H. Tarr* with him,) for the libellee.

*J. R. St. Pierre,* for the libellant.

LUMMUS, J. This is a libel for divorce on the ground of desertion, filed in the Probate Court on September 4, 1947. There was evidence that the libellee deserted the libellant in November, 1935, and that the parties have not lived together since. On April 8, 1948, a decree nisi for desertion (G. L. [Ter. Ed.] c. 208, § 21) was entered, and it was decreed that the libellee pay to the libellant for her support $10,000 and $60 a week, until the further order of the court. The libellee appealed on April 26, 1948, and on April 27,

1948, on motion of the libellee "the operation of said decree and entry of an absolute decree" were suspended until after the final determination of this court. G. L. (Ter. Ed.) c. 215, §§ 23, 24. See *MacNevin* v. *MacNevin*, 319 Mass. 719, 722.

In view of the result that we have reached, we need not consider whether the award of alimony was proper or not. See *Klar* v. *Klar*, 322 Mass. 59. The decisive fact in this case is that Alice Pine, the libellant, died on November 17, 1948, after the arguments and while the case was before this court for decision. The case is governed by *Diggs* v. *Diggs*, 291 Mass. 399. The suspension of the operation of the decree in the present case prevented the entry of an absolute decree by lapse of time on October 8, 1948, as effectively as would the pendency of objections to an absolute decree such as were pending in the *Diggs* case. In the present case the parties remained husband and wife until the wife died on November 17, 1948. In the *Diggs* case, at pages 401, 402, Rugg, C.J., said, "A decree of divorce entered nisi does not dissolve the marriage. After the entry of such a decree, the death of either party before the decree has been made absolute puts an end to the proceeding for divorce, and thereafter the divorce cannot be made absolute either by order of court or by operation of the statute. A libel for divorce is personal to the libellant. It is abated by the death of either party. The object of divorce is to dissolve the marriage. The status of marriage ceases to exist instantly upon such death. It would be vain for the law to attempt to loose the bonds of matrimony thus so completely severed. There can be no divorce unless both parties are alive at the time it is granted."

*Libel dismissed.*