' PHILOMENA E. JORDAN *vs.* ETHYL M. SILVA.

Essex.    December 2, 1952. — April 29, 1953.

Present: QUA, C.J., LUMMUS, RONAN, WILLIAMS, & COUNIHAN, JJ.

*Probate Court*, Decree, Appeal, Proceeding for decree of separation, Death of party. *Husband and Wife*, Living apart.

G. L. (Ter. Ed.) c. 215, § 23, does not apply to a proceeding by a husband under c. 209, § 36, and is not, within c. 215, § 22, an express provision "otherwise" preventing a stay under § 22 of "all proceedings in pursuance of" the decree in the husband's proceeding upon the claiming of an appeal therefrom. [167–168]

The claiming of an appeal by a wife from a decree of a Probate Court in favor of her husband in a proceeding by him against her under G. L. (Ter. Ed.) c. 209, § 36, operated under c. 215, § 22, to stay the decree and prevent its being effectual even though the wife failed to perfect her appeal, so that the death of the husband in that state of the proceeding brought about an abatement of the proceeding and the decree could not be the basis for denying the wife the right to waive his will and claim a share of his estate as by intestacy. [167–169]

PETITION, filed in the Probate Court for the county of Essex on February 6, 1952, for proof of the will of Antone F. Silva, late of Manchester.

A motion by the petitioner to strike out an appearance for Ethyl M. Silva was denied by *Costello*, J. The petitioner appealed.

*Arthur L. Emery*, for the petitioner.

*Angelo Morello*, for the respondent.

QUA, C.J. On May 8, 1951, Antone F. Silva, of Manchester in the county of Essex, filed in the Probate Court a petition under G. L. (Ter. Ed.) c. 209, § 36, against his wife Ethyl M. Silva, praying for a decree that she had deserted him and that he was living apart from her for justifiable cause. On October 4, 1951, the court entered such a decree in his favor, and on October 17 Ethyl M. Silva filed in the Probate Court her claim of appeal. On October 19 she gave to the register of probate her order in writing for the preparation of the appeal papers in accordance with G. L. (Ter. Ed.) c. 231, § 135, as amended. On October 29 the register notified her attorney in writing of the estimated expense, but no money was ever paid. Meanwhile on October 11, Antone executed a will in which he bequeathed $1 to his wife, $1 to a sister, and the remainder to Philomena E. Jordan, the present petitioner, whom he named as executrix. On February 1, 1952, Antone died. On February 6 Philomena E. Jordan filed a petition for probate of the will. On February 29 Ethyl M. Silva entered an appearance by her attorney "In the Matter of Probate of Will," and on March 4 filed a waiver of the will, under G. L. (Ter. Ed.) c. 191, § 15, and claimed such portion of Antone's estate as she would have taken if he

had died intestate.  On May 23 Philomena E. Jordan moved that the appearance for Ethyl M. Silva be struck out on the ground that by the decree of October 4,[1] 1951, it had been adjudged and determined that Ethyl M. Silva had deserted Antone F. Silva and that he was living apart from her for justifiable cause.  If that decree was binding, Ethyl M. Silva was not entitled to waive her husband's will or to claim such portion of his estate as she would take if he had died intestate.  G. L. (Ter. Ed.) c. 209, § 36.  The judge denied the motion.  Philomena E. Jordan appeals.

The only questions argued on either side are those referred to in the motion, growing out of the petition of Antone F. Silva and the decree thereon.  So far as appears no contention has been made at any time that Antone's will was invalid for lack of testamentary capacity or for any reason apart from the question of waiver by Ethyl M. Silva. As the result will be the same, we consider the case upon the issues argued.

We are of opinion that the denial of the motion was not error.

As appears above, the state of affairs at the death of Antone F. Silva on February 1, 1952, was that a final decree had been entered in the Probate Court under G. L. (Ter. Ed.) c. 209, § 36, to the effect that Ethyl M. Silva had deserted Antone F. Silva, and that he was living apart from her for justifiable cause.  She had claimed an appeal from that decree but, as conceded in the case now before us, had failed to perfect her appeal by making the necessary payment.  General Laws (Ter. Ed.) c. 215, § 22, provides in part that "After an appeal has been claimed and filed in the registry of probate, all proceedings in pursuance of the act appealed from shall, except as otherwise expressly provided, be stayed until the determination thereof by the supreme judicial court; but if, upon such appeal, such act is affirmed, it shall thereafter be of full force and validity." Under this statute, there being no applicable express pro-

---

[1] The motion seems to be in error in giving the date of the decree as October 8, but the difference in dates is unimportant.

vision otherwise, "all proceedings in pursuance of" the decree had been stayed. Section 23[1] is not an express provision otherwise. That section relates only to proceedings properly included in equity jurisprudence that have been placed within the jurisdiction of Probate Courts. This clearly appears in the Report of the Commissioners for Consolidating and Arranging the Public Statutes, 1901, Part III, at page 1405, where the section is designated as § 18. A petition by a husband under G. L. (Ter. Ed.) c. 209, § 36, is not a proceeding known to equity jurisprudence. When it was desired to make the provisions of § 23 applicable to certain matrimonial causes, that result was brought about by the express provisions of § 24, from which any reference to c. 209, § 36, is conspicuously absent. It may be noted that the references included commonly involve orders for support, while § 36 does not. It follows that the Probate Court could take no action based upon the decree of separation, and therefore could not strike out the appearance for Ethyl M. Silva in the later proceeding because of the decree in the earlier one. *Tyndale* v. *Stanwood,* 186 Mass. 59, 64. *Daley* v. *Francis,* 153 Mass. 8, 9–10. *Stone* v. *Duffy,* 219 Mass. 178, 182. *Ratner* v. *Hogan,* 251 Mass. 163. *Gleason* v. *Hastings,* 300 Mass. 305, 308–309. See *Gale* v. *Nickerson,* 144 Mass. 415, 416–417.

An ordinarily sufficient means of removing the stalemate resulting from the filing of a notice of appeal and the failure to take the necessary steps to perfect the appeal is found in the last sentence of G. L. (Ter. Ed.) c. 215, § 29, which reads in part as follows: ". . . or if he [the appellant] fails to cause the necessary copies to be prepared or otherwise fails to perfect his appeal, the probate court from

[1] "Section 23. An appeal from a final or interlocutory order or decree in equity of a probate court made in the exercise of any jurisdiction in equity shall not suspend or stay proceedings under such order or decree pending the appeal. But the probate court or a justice of the supreme judicial court, in case of such appeal, may stay all proceedings under such order or decree and make necessary or proper orders to protect the rights of persons interested pending the appeal; and any such order of the probate court for a stay of proceedings or for protection of any such rights may be varied or discharged by a justice of the supreme judicial court upon motion, and shall not be otherwise subject to an appeal."

which the appeal was taken may, upon petition of any person interested, and upon such notice to the appellant as the probate court shall order, dismiss the appeal and affirm the decree or order appealed from, and further proceed as if no appeal had been taken." A similar remedy not confined to Probate Courts is supplied by G. L. (Ter. Ed.) c. 231, § 133, as amended by St. 1933, c. 300, § 2. *Littlejohn* v. *Littlejohn,* 236 Mass. 326. See *Cherry* v. *Auger,* 300 Mass. 367, 369–370.

In the present instance, however, the death of Antone F. Silva brought about an abatement of the entire proceeding previously instituted by him, since the absence of any "effectual decree" at the time of his death left the parties to that proceeding "as if no suit had been brought." *Rice* v. *Rice,* 184 Mass. 488, 490. See *Brigham, petitioner,* 176 Mass. 223, 226; *Diggs* v. *Diggs,* 291 Mass. 399; *Pine* v. *Pine,* 323 Mass. 524.

The case of *Fenelon* v. *Fenelon,* 244 Mass. 14, presented a situation very different from that now before us. The cause between husband and wife had been appealed to this court, crystallized into an appeal record, and fully argued here before the petitioner died. All that remained was to write and agree to an opinion and send a rescript. In those circumstances this court affirmed the decree nunc pro tunc as of a date before the petitioner's death. In the present case all that is before us is the matter of the denial of a motion in a petition for proof and allowance of a will. The original cause between husband and wife never reached this court. It is impossible here to take the course taken in *Fenelon* v. *Fenelon.*

Nothing here said is inconsistent with the recent decision in *De Marzo* v. *Vena, ante,* 118. The answer in that case purported to set up a decree which had not been stayed and which was effectual at the death of the wife.

*Decree denying the motion to strike*
*out the appearance for Ethyl M.*
*Silva affirmed.*