Beulah L. NEVILLE and John W. Neville, Appellants,

v.

AMERICAN BARGE LINE COMPANY. No. 11375.

United States Court of Appeals Third Circuit.

Argued Nov. 15, 1954.

Decided Dec. 28, 1954.

Hymen Schlesinger, Pittsburgh, Pa., for appellants.

J. Roland Johnston, Pittsburgh, Pa. (Clyde A. Armstrong, Thorp, Reed & Armstrong, Pittsburgh, Pa., on the brief), for appellee.

Before BIGGS, Chief Judge, and GOODRICH and HASTIE, Circuit Judges.

BIGGS, Chief Judge.

The appellant, Beulah Neville, cut her hand using a meat cleaver to open a can of condensed milk in the galley of the M. V. "Tradewinds," owned and operated by the appellee, American Barge Line Company. Mrs. Neville and her husband, the latter's right to recover being of course contingent on proof of a legal claim by his wife, sued American for damages in Admiralty under the Jones Act, 46 U.S.C.A. § 688 alleging that it had failed properly to equip the Tradewinds with can openers, and that for this reason the Tradewinds was unseaworthy and American negligent. Evidence adduced by American, however, showed that suitable can openers were available in the galley of the vessel. The case was tried to the court. Judgment was rendered for American on the ground that it was not negligent and that the Tradewinds was not unseaworthy. See 105 F.Supp. 405.

Mrs. Neville three and a half months later moved the court below to set aside the judgment and petitioned for a new trial on the ground that new and vital evidence had been acquired by Mrs. Neville after entry of the judgment. Two affidavits, both executed by men who were at one time or another members of the crew of the Tradewinds, were filed in support of the motion and petition. In one of the affidavits it was alleged that "* * * there was no can opener * * * [available on the Tradewinds at the time of the accident] except one which removes the entire top [of the can]." The other affiant alleged that he was a member of the crew of the Tradewinds nearly a year after the accident and that at that time the only can opener was "stationary."

The court below concluded that the motion and petition [1] were presented pursuant to Rule 60(b) (2), F.R.C.P., 28 U.S.C., and concluded that the contents of the affidavits did "* * * not include new and material evidence as opposed to cumulative and immaterial evidence" and "* * * if received, could not have changed the result." The court denied the relief sought and the appeal at bar followed.

It will be observed that the court below applied Rule 60(b) (2), appropriate to a civil proceeding and not, strictly speaking, applicable to one in Admiralty. But the opening of a judgment and the granting of a new trial, whether in an Admiralty case or in one on the civil side, rest within the sound legal discretion of the trial court. Rule 60(b) (2) does nothing more than supply a means for the exercise of that discretion. Admiralty decisions pertinent to the issue of opening a judgment and granting a new trial on the basis of newly discovered evidence demonstrate that the standards for exercising discretion are substantially the same in both kinds of proceedings. See The Del-Mar-Va, D.C.E.D.Va.1944, 56 F.Supp. 743, 749–750, and the authorities therein cited.[2] It is obvious that the court below did not abuse its discretion for the newly discovered evidence could not have changed the result and was purely cumulative.

The recent decision of the Supreme Court in McAllister v. United States, 348 U.S. 19, 75 S.Ct. 6, does not affect the result here. That decision relates to the review of findings of fact made by a district court sitting in Admiralty and the application of Rule 52(a), F.R.C.P., thereto by way of analogy. McAllister does not govern the standard

---

1. The so-called "Motion and Petition to Set Aside Judgment and for New Trial" is in reality a single moving paper. There is no direct reference in it to any of the Rules of Civil Procedure but there is contained in the petition the statement that Mrs. Neville "* * * was not able to contact * * * [the] crew members within the 10-day period for new trial motions * * * stating the reasons therefor." This is an apparent reference to Rule 59(b).

2. We note that none of the General Admiralty Rules laid down by the Supreme Court, or the rules of this Court or those of the court below are applicable to the issue presented in the instant case.

**192**

to be applied to the motion and petition under consideration. The review of motions or petitions to set aside a judgment and to order a new trial, whether in Admiralty or civil cases, as we have indicated, is confined to the issue of whether the trial court has abused its discretion in refusing the relief sought. See The I. F. Chapman, 1 Cir., 1917, 241 F. 836, 839, certiorari denied *sub nom*, Scully v. Kazarian, 1917, 245 U.S. 647, 38 S.Ct. 9, 62 L.Ed. 529.

The order appealed from will be affirmed.