ETTA B. ROSS *vs.* JAMES W. ROSS, JR.
(and a companion case).

Middlesex. November 5, 1981. — January 11, 1982.

Present: HENNESSEY, C.J., WILKINS, LIACOS, NOLAN, & LYNCH, JJ.

*Divorce and Separation*, Alimony, Division of property, Modification of
judgment, Judgment, Counsel fees, Separate support.

A probate judge did not abuse his discretion in granting a wife relief pur-
suant to Mass. R. Dom. Rel. P. 60 (b) (5) on the ground that a prior eq-
uity decree, upon which the divorce judgment awarding alimony was
based, had been reversed on appeal, where there was a sufficient nexus
between the divorce judgment and the equity decree to rule that the
latter formed the basis for the former. [33-34]

A probate judge correctly applied G. L. c. 208, § 34, empowering courts
to make an equitable division of property incident to a divorce pro-
ceeding, to a case in which a judgment nisi of divorce had been entered
granting a wife alimony on May 23, 1974, since the divorce was not
yet absolute on October 17, 1974, the date the amended § 34 became
effective. [34-35]

A probate judge did not abuse his discretion in dividing property inci-
dent to a divorce proceeding pursuant to G. L. c. 208, § 34, where the
judge set out and considered all the mandatory factors enumerated in
§ 34, omitted the domicil from those assets subject to division and
termed the husband's stock the principal asset without objection being
raised by the husband, emphasized the husband's conduct and the con-
tributions of the parties to the marital estate in dividing the property,
and rejected the master's recommendation as to division of property.
[35-38]

Where the record facially substantiated the counsel fees awarded in a
divorce proceeding and the issue of counsel fees was argued before the
probate judge, the judge did not abuse his discretion in his award of
$15,000, even though he did not hold a full evidentiary hearing on the
issue. [38-39]

A division of marital property under G. L. c. 208, § 34, is presumed to
take into account previous support orders, as to amounts both owed
and paid, and, unless specifically preserved, any arrearages are merged
into the § 34 award. [39-40]

PETITION for separate support filed in the Probate Court for the county of Middlesex on February 12, 1970.

LIBEL for divorce filed in the Probate Court for the county of Middlesex on August 26, 1971.

A complaint filed on December 2, 1975, for modification of the divorce decree was heard by *Martin*, J., on a master's report. A complaint for contempt filed on January 18, 1980, was heard by *Ginsburg*, J.

After review was sought in the Appeals Court, the Supreme Judicial Court ordered direct appellate review on its own initiative.

*John W. Marshall* (*Gail Pennington* with him) for James W. Ross, Jr.

*Wayne H. Scott* (*Brian D. Bixby* with him) for Etta B. Ross.

NOLAN, J. These cases involve appeals from two judgments and various interlocutory orders entered in the Probate Court for Middlesex County. Both cases were transferred to this court on our own motion. Since the two cases involve the same parties and their divorce proceeding, they have been consolidated for review. We affirm both judgments.

In the first case the husband appeals from a final judgment of the Probate Court which awarded the wife alimony, certain shares of stock, and counsel fees. The procedural background is as follows. On May 23, 1974, a probate judge entered a judgment nisi of divorce and granted the wife an alimony award of $100 a week. In August of 1974, the wife filed a complaint for modification pursuant to which her alimony was increased to $140 a week. In December of 1975, the wife filed another complaint against the husband, which resulted in the actions from which the husband has appealed. In this complaint, the wife requested that she be relieved of the outstanding alimony award pursuant to Mass. R. Dom. Rel. P. 60 (b) (5) (1975), that she be granted a new hearing under G. L. c. 208, § 34, and that she be granted a new alimony award, as well as a division of property.

On December 17, 1976, a probate judge granted the wife's requests for relief from the divorce judgment and for a new hearing under G. L. c. 208, § 34, on the ground that "the prior judgment on which the judgment of May 23, 1974 was based, namely the judgment of November 23, 1971, had been reversed on appeal." See Mass. R. Dom. Rel. P. 60 (b) (5) (1975). The judgment of May 23, 1974, was the original alimony award outlined above. The judgment of November 23, 1971, was an equity decree stemming from a complaint brought by the wife. The decree declared the wife to be the sole owner of certain real and personal property acquired during the marriage. Approximately two months after the entry of the judgment nisi the equity decree was reversed by the Appeals Court in *Ross* v. *Ross*, 2 Mass. App. Ct. 502 (1974), cert. denied, 420 U.S. 947 (1975).

The probate judge referred the case to a master, who filed his report with findings of fact, conclusions of law, and recommendations in June, 1979. The judge, in April, 1980, issued "Findings on Confirmation of Master's Report" and a modification judgment. The master's findings of fact and conclusions of law were accepted, as well as his recommendation with respect to alimony. The court rejected the master's recommendation as to division of property and ordered a transfer of a portion of the husband's stock holdings to the wife. The court also ordered the husband to contribute a portion of the wife's counsel fees. It is from this modification judgment, as well as various interlocutory orders, that the husband is appealing.

The second case also arises from the marital difficulties of the parties. On July 14, 1970, the wife obtained a temporary order for separate support payments against her husband. In April, 1974, after arrearages had accumulated, the wife filed a petition for contempt, which was dismissed on May 23, 1974, when the judgment nisi of divorce was granted and the separate support petition dismissed. On January 16, 1980, the wife filed a new complaint for contempt seeking arrearages under the 1970 separate support

order. This action was dismissed for failure to state a claim on which relief could be granted. The wife is appealing from that dismissal.

A complete description of the parties' married life and their accumulation of property during the marriage is available in *Ross* v. *Ross*, 2 Mass. App. Ct. 502 (1974). We summarize the facts as adopted by the probate judge from the master's report in the divorce case. The parties were married in 1950, when the husband was an undergraduate student. The wife then owned and managed two rooming houses. After graduation in 1951, the husband worked until 1953. The parties then moved to Wisconsin in order for the husband to attend graduate school. During the couple's stay in Wisconsin, the wife worked as a real estate broker and later operated her own real estate business. She also acted, with her husband, as a house parent in exchange for living quarters in a university dormitory.

In 1957, the parties moved to Massachusetts, where the husband secured a teaching position at the Massachusetts Institute of Technology. The wife has not worked since the move to Massachusetts. In 1962, the husband and others formed Orion Research Co., Inc. (Orion). Over the years, the husband has accumulated a number of shares of Orion stock. In 1962, the parties purchased a home in Newton.

The marriage started to deteriorate and in 1969 the husband left home and resumed a relationship with a woman he had been seeing a few years earlier. In 1970 the husband left his employment with Orion and moved to Nevada, where the woman joined him. We have already outlined the various court actions relating to the separate support order of 1970 and the 1974 divorce judgment nisi. The husband returned to Massachusetts in 1974 and resumed employment at Orion. He has remarried.

We first examine the issues raised by the husband's appeal. In reviewing the judge's decision to grant the plaintiff's request for relief from the judgment of May 23, 1974, pursuant to Mass. R. Dom. Rel. P. 60 (b) (5), we are confined to determining whether the trial court abused its dis-

cretion. See *Schulz* v. *Black*, 369 Mass. 958 (1975); *Neville* v. *American Barge Line Co.*, 218 F.2d 190 (3d Cir. 1954). We see no abuse of discretion.

The judge granted the wife relief from the divorce judgment because "the prior judgment on which the [divorce] judgment of May 23, 1974 was based, namely the [equity] judgment of November 23, 1971, had been reversed on appeal." See *supra* at 32. Thus, the judge based his grant of relief on the ground that "a prior judgment upon which it [was] based [had] been reversed or otherwise vacated." Mass. R. Dom. Rel. P. 60 (b) (5) (1975).

It is apparent that in making the May 23, 1974, alimony award the judge relied in part on the 1971 equity decree, subsequently reversed. We hold that there was a sufficient nexus between the divorce judgment and the equity decree to rule that the latter formed the basis for the former. Rule 60 (b) (5) is addressed to just such a circumstance.[1] Substantive relief from the divorce judgment was appropriate in this case.

Having held that the probate judge did not err in granting the wife relief from the original divorce judgment, we turn to whether G. L. c. 208, § 34, was properly applied to this case.

The husband argues that since the judgment nisi was issued on May 23, 1974, and the "new" § 34 (see St. 1974, c. 565) did not become effective until October 17, 1974, the "new" § 34 could be applied to this case only if it were given retroactive application. We disagree.

---

[1] In so far as alimony is a form of relief prospective in nature, the probate judge could have justified his modification of the divorce judgment by referring to another ground for relief from final judgment under rule 60 (b) (5): that "it is no longer equitable that the judgment should have prospective application." Mass. R. Dom. Rel. P. 60 (b) (5) (1975). "Nothing less than a clear showing of grievous wrong evoked by new and unforeseen conditions" is required for relief under this section of rule 60 (b) (5). *United States* v. *Swift & Co.*, 286 U.S. 106, 119 (1932). In that the original alimony award was based on an equity judgment which was subsequently reversed, the plaintiff has demonstrated such a "grievous wrong."

We need not reach the issue of retroactivity here as the application of § 34 to this case is not retroactive. Notwithstanding the fact that a judgment nisi is a judgment of divorce, G. L. c. 208, § 21, we hold that a couple is not divorced until the judgment becomes absolute. "Divorce is the legal dissolution of a valid existing marriage . . . ." J.F. Lombard, Family Law § 1440 (1967). In Massachusetts a judgment nisi is not a dissolution of the marriage. *Pine* v. *Pine*, 323 Mass. 524 (1948). *Sparhawk* v. *Sparhawk*, 114 Mass. 355 (1874). Thus, a second marriage contracted during the interval between the judgment nisi and the judgment absolute is void. *Levanosky* v. *Levanosky*, 311 Mass. 638 (1942). If either party dies before the judgment becomes absolute, the proceedings for divorce are abated, *Pine* v. *Pine*, *supra*, and the surviving spouse is entitled to statutory rights in the estate. See *Vaughan* v. *Vaughan*, 294 Mass. 164 (1936).

As a consequence, the parties in this case were not divorced on October 17, 1974, the date the amended § 34 became effective. We hold, therefore, that the probate judge was correct in applying § 34 to this divorce action.[2]

General Laws c. 208, § 34, empowers the courts to make an equitable division of property incident to a divorce proceeding. The court must set out and consider all the mandatory factors enumerated in the statute when making its award[3] and may consider several other criteria.[4] *Brady* v.

---

[2] We necessarily point out the narrowness of our holding. Should a probate judge decide, pursuant to Mass. R. Dom. Rel. P. 60 (b) (1975), to modify a divorce judgment which became absolute subsequent to the effective date of the "new" § 34, he should apply the factors outlined in that section. We repeat that we have not ruled on the possibility of retroactive application of the amended § 34 to a judgment that became absolute prior to October 17, 1974.

[3] The court must consider "the length of the marriage, the conduct of the parties during the marriage, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties and the opportunity of each for future acquisition of capital assets and income." G. L. c. 208, § 34, as appearing in St. 1977, c. 467. See *Bianco v. Bianco*, 371 Mass. 420, 422 (1976).

[4] The court may consider "the contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective

*Brady,* 380 Mass. 480, 487-488 (1980). *Bianco* v. *Bianco,* 371 Mass. 420, 422-423 (1976). Once the judge has weighed all the considerations, he must use his discretion in award- ing alimony or assigning estate assets. *Rice* v. *Rice,* 372 Mass. 398, 401 (1977).

The husband argues that the probate judge failed to com- ply with the requirements of § 34. While admitting, as he must, that upon reference the master made all the man- datory findings and, further, that the judge accepted and confirmed those findings, the husband nevertheless main- tains that the judge did not consider all the criteria outlined in § 34. The husband insists that a "careful reading" of the judge's findings indicates that he considered only the con- duct and contributions of the husband and wife. We have carefully read the judge's findings and hold that he did, in fact, adequately consider all the factors.

The language of Mass. R. Dom. Rel. P. 52 (a) (1975) is clear: "The findings of a master, to the extent that the court adopts them, shall be considered as the findings of the court." The probate judge accepted and confirmed the master's find- ings of fact and rulings of law. That he found the conduct and contributions of the parties important was merely an aspect of the exercise of his broad discretion in the distribu- tion of the property. *Rice* v. *Rice, supra* at 400-401. *Bianco* v. *Bianco, supra* at 423. Where a master properly weighs all the § 34 criteria and the probate judge adopts the master's findings, the judge will be held to have made the requisite findings of fact.

The husband argues further that the judge considered only the Orion stock and not the real or personal property of the parties when making his award. It is correct that nor- mally all assets of the parties should be considered when making an equitable distribution under § 34. *Putnam* v. *Putnam,* 5 Mass. App. Ct. 10, 17 (1977). Here, both the master and the judge referred to the stock as the couple's

---

estates and the contribution of each of the parties as a homemaker to the family unit." G. L. c. 208, § 34, as appearing in St. 1977, c. 467.

principal asset. The master discussed the Newton home extensively and found that the husband was asserting no claim in that regard. The findings of the master adopted by the judge are not set aside unless clearly erroneous. *Cesco Mfg. Corp.* v. *Norcross, Inc.*, 7 Mass. App. Ct. 837, 840 (1979). Because the judge termed the stock the principal asset, and thus impliedly recognized other assets, and because the husband did not raise an objection to the omission of the domicil or other property from the couple's assets until he reached this court, see *Covich* v. *Chambers*, 8 Mass. App. Ct. 740, 746-747 (1979), we hold that the judge did not abuse his discretion by omitting the domicil from those assets subject to division.

The husband next argues that the judge placed too much emphasis on the husband's conduct during the marriage. This is one of the factors delineated in § 34 and the judge, in his findings, decided it merited great weight. "The weight to be accorded each of the § 34 factors in a particular case is committed to the judge, *Rice* v. *Rice*, 372 Mass. at 400-401, who has broad discretion in fashioning a judgment under § 34." *Langerman* v. *Langerman*, 9 Mass. App. Ct. 869, 870 (1980). The judge also gave great weight to the contributions of the parties to the marital estate and found that the accumulation of the couple's assets was a joint venture. We hold that the judge did not abuse his discretion by emphasizing the above factors in his determination of the division of property.

The husband contends, further, that the judge erred in ordering the husband to convey to the wife 50 % of the Orion stock he owned on May 23, 1974, the date of the judgment nisi. His argument, supported by the record, is that a large number of these shares were sold to pay off a loan secured by the stock. There was, in addition, evidence that the loan benefited both the husband and the wife. However, evidence that the husband was at fault in increasing the amount of the debt by not tendering payments and by being responsible for collection expenses, and that some of the marital assets may have been used to support another woman was

also considered by the master and the judge. As such we cannot say that the judge's division of the Orion stock was either plainly wrong or excessive. See *Rice* v. *Rice*, 372 Mass. 398, 402 (1977).

In his final attack on the § 34 division of property, the husband argues that this court should disregard the judge's award and adopt the master's.[5] The husband argues that, as the one who actually heard the evidence, the master is in a better position than the judge to determine the correct division of property. The argument must fail.

The trial judge is given great latitude in domestic relations cases in his handling of a master's report. Mass. R. Dom. Rel. P. 53 (e) (2) (1975). Certainly there is no requirement that a master's recommendations be given total deference. *Id.* See *Jones* v. *Wayland*, 374 Mass. 249, 255 (1978); *Hardiman* v. *Hardiman*, 11 Mass. App. Ct. 626, 628 (1981). We decline to disturb the judge's division of property.

The judge ordered the husband to pay to the wife the sum of $15,000 as a contribution to her payments for legal services. The husband argues that the court erred by not holding a full evidentiary hearing on the issue of counsel fees and further erred in awarding such fees on the facts of the case. The wife's motion for counsel fees was accompanied by a statement of counsel time and services. An award of $31,124 was requested and one of $15,000 was granted. Because the record facially substantiates the counsel fees awarded and, further, because the issue of counsel fees was argued before the trial judge, we hold that the judge did not abuse his discretion in his determination of the award. As long as the amount awarded is not incommensurate with an objective

---

[5] The master recommended alimony of $200 a week and a cash payment of $70,000 in lieu of a division of the Orion stock. The judge accepted the alimony recommendation but ordered, instead of the cash payment, that one-half of the total number of shares owned by the husband on May 23, 1974, the date of the judgment nisi, be transferred to the wife. The court also ordered the husband to pay to the wife $15,000 as a contribution to counsel fees.

evaluation of the services performed, and our inspection of the record shows it was not, "[t]he award of such costs generally rests in sound judicial discretion. . . . [T]he award . . . may be presumed to be right and ordinarily ought not to be disturbed." *Smith* v. *Smith*, 361 Mass. 733, 738 (1972), quoting from *Old Colony Trust Co.* v. *Third Universalist Soc'y*, 285 Mass. 146, 151 (1934). Accord, *Pemberton* v. *Pemberton*, 9 Mass. App. Ct. 9, 16 (1980). See *Murray* v. *Murray*, 9 Mass. App. Ct. 840 (1980).

In the second case before us, the wife is appealing from the judge's ruling that she had waived her right to collect arrearages under a separate support order.[6] In July, 1970, the husband was ordered to make separate support payments to or on behalf of the wife. On May 23, 1974, the court entered a divorce judgment nisi in favor of the wife against the husband, and on that date the wife's pending petition for separate support was dismissed. Neither order made any reference to the arrearages then owed to the wife pursuant to the July, 1970, order.

The issue presented here is whether, upon the termination of a separate support action as a result of the divorce of the parties, the right to collect arrearages due as of the date of the divorce survives absent a reservation of that right to the separate support recipient. We hold that a division of property under § 34 is presumed to take into account previous support orders, as to amounts both owed and paid, and that, unless specifically preserved, any arrearages are merged into the § 34 award.

It is settled that a valid divorce relieves a spouse from liability for future separate support payments. *Madden* v. *Madden*, 359 Mass. 356, 365, cert. denied, 404 U.S. 854 (1971). In *Rosa* v. *Rosa*, 296 Mass. 271 (1936), the wife had obtained a separate support decree against her husband,

---

[6] Procedurally, this case is before us on appeal from the judge's granting of the husband's motion to dismiss the wife's January, 1980, complaint for contempt. The complaint was dismissed for failure to state a cause of action upon which relief may be granted.

and the parties were subsequently divorced. This court in *Rosa* held that no facts had been adduced which would support a decree relieving the husband from payment of arrearages which had accrued before the divorce. *Id.* at 275. This statement, standing alone, implies that absent such a decree the spouse is not so relieved. However, the court then specifically ordered that the divorce decree be modified to indicate that it was without prejudice to the wife's rights to collect arrearages which accrued before the divorce. *Id.* This statement implies that a provision in a divorce judgment reserving the right to collect pre-divorce arrearages is a prerequisite to a spouse's maintaining an action to collect the arrearages.

The uncertainty was cleared up to some extent in *Jelly* v. *Jelly*, 327 Mass. 706 (1951). This court stated that, with respect to separate support arrearages, a trial judge could reserve the right of a spouse to recover such arrearages after a divorce. *Id.* at 709. *Jelly*, then, implies that in order for a spouse to have a right to adjudicate arrearages accrued prior to a divorce, that right must be specifically reserved. That is what we hold today.

A divorce decree should, as far as possible, adjudicate all issues necessarily involved. While unpaid separate support payments are in the nature of debts, they are not absolute debts. *McIlroy* v. *McIlroy*, 208 Mass. 458 (1911).

*Judgments affirmed.*