

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-3-2008

# Abel v. Kirbaran

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4746

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Abel v. Kirbaran" (2008). *2008 Decisions.* Paper 1481.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1481

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-4746

_____

JAMES E. ABEL;
MARY BETH ABEL,
                              Appellants

v.

DOODAUTH A. KIRBARAN;
MITCHELL ROSS, d/b/a Mr. Cars Inc;
MR. CARS INC,

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 05-cv-01560)
District Judge:  Honorable Harvey Bartle III

_____

Submitted Under Third Circuit LAR 34.1(a)
January 29, 2008

Before:  SCIRICA, Chief Judge, and RENDELL, Circuit Judges
and THOMPSON, *District Judge.

(Filed:   March 3, 2008)

_____

    *  Honorable Anne E. Thompson, Senior Judge of the United States District Court
       for the District of New Jersey, sitting by designation.

OPINION OF THE COURT

THOMPSON, District Judge.

James Abel ("Abel"), with his wife, Mary Beth, appeals from the judgment of the Eastern District of Pennsylvania, granting summary judgment to Appellee Mitchell Ross ("Ross") on the basis of lack of personal jurisdiction, granting summary judgment on the issue of vicarious liability to Appellee MR. Cars, Inc. ("MR Cars"), and denying Appellants' motion for a new trial. For the reasons below, we will affirm the judgment of the District Court.

On April 7, 2003, Abel was driving on Interstate 95 in Philadelphia, Pennsylvania, when his truck was struck from behind by a vehicle operated by Doodauth Kirbaran ("Kirbaran") and owned by MR Cars. Kirbaran's vehicle had just been purchased in Maryland by MR Cars, a corporation located in Tennessee, for re-sale. However, Kirbaran was not authorized by MR Cars to be driving the vehicle. At the time of the accident, Ross, a resident of Tennessee, was a corporate officer for MR Cars.

MR Cars had engaged the services of Francisco Belez ("Belez") to transport the vehicle to New York from Maryland. However, despite the agreement with MR Cars, Belez was not operating the vehicle on the day of the accident. The operator, instead, was Kirbaran. Ross and MR Cars maintain that they do not know Kirbaran, have never

2

spoken to him, and do not know how he obtained the vehicle.

On March 1, 2005, Abel filed a Complaint in State Court in Pennsylvania against Kirbaran, Ross d/b/a MR Cars, and MR Cars, separately. The matter was removed on April 5, 2005 to the United States District Court for the Eastern District of Pennsylvania on the basis of diversity jurisdiction. On April 10, 2006, Ross and MR Cars filed their summary judgment motions. Ross argued that the District Court did not have personal jurisdiction over him under Pennsylvania law because he had not conducted business in Pennsylvania, nor was he a resident of the state. MR Cars contended that even if there were jurisdiction over the corporation as the owner of the vehicle, it was not vicariously liable for the actions of Kirbaran, because Kirbaran was not known to MR Cars, nor was he a servant or employee.

On May 11, 2006, the District Court granted summary judgment to both Ross and MR Cars. The District Court stated in a memorandum opinion, that Ross resides and works in Tennessee, and that Abel had not come forward with evidence that Ross had continuous and substantial contacts with Pennsylvania, such that general jurisdiction was proper. Additionally, the District Court noted that specific jurisdiction could not be exercised because the accident did not arise out of any Pennsylvania-related activity of Ross, such that he should anticipate being haled into court. The District Court further explained that Ross did not drive the car through Pennsylvania nor did he purchase it from an auction in Pennsylvania, and also that the vehicle was not being delivered there.

Further, the District Court, in granting summary judgment to MR Cars, held that MR Cars could not be held vicariously liable for the actions of Kirbaran, because there was no proof that he was acting as its servant. The record is barren as to how and under what circumstances Kirbaran came into possession of the vehicle. The District Court noted that there was no evidence that Ross or any representative from MR Cars authorized or consented to Kirbaran's driving the vehicle to New York. Additionally, the District Court stated that mere ownership of a vehicle is insufficient to impose liability on the owner for its negligent operation by another.

Following the District Court's granting of the summary judgment motions, Ross and MR Cars were dismissed from the case. A bench trial proceeded on August 28 and 29, 2006, and judgment was entered in favor of Abel against Kirbaran. After the trial, the Abels submitted a motion for a new trial regarding the District Court's rulings on MR Cars' summary judgment motion. The District Court denied the motion for a new trial.

On an appeal from an order entering summary judgment, the Court of Appeals undertakes a de novo review, applying the same standard of review which the district court should apply. Union Pac. R.R. v. Greentree Transp. Trucking Co., 293 F.3d 120, 125 (3d Cir. 2002). Rule 56 of the Federal Rules of Civil Procedure allows for summary judgment in the moving party's favor if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there

4

is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). To avoid summary judgment, the nonmoving party must state facts or present objective evidence indicating entitlement to relief. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

Abel argues that the District Court erred in granting summary judgment in favor of Ross for lack of personal jurisdiction. A district court can exercise personal jurisdiction over a non-resident defendant only "to the extent permissible under the law of the state where the district court sits." North Penn Gas Co. v. Corning Natural Gas Corp., 897 F.2d 687, 690 (3d Cir. 1990). Additionally, due process requires that the defendant have "minimum contacts" with the forum state, and that the exercise of jurisdiction comport with "traditional notions of fair play and substantial justice." Remick v. Manfredy, 238 F.3d 248, 255 (3d Cir. 2001) (citing International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

A district court may exercise either general or specific jurisdiction over a defendant, for purposes of personal jurisdiction. Remick, 238 F.3d at 255. General jurisdiction exists where the defendant maintains continuous and systematic contacts with the forum. Provident Nat'l Bank v. California Federal Sav. & Loan Asso., 819 F.2d 434, 437 (3d Cir. 1987). Specific jurisdiction is proper only when the "cause of action arises out of [the] defendant's forum-related activities, such that the defendant 'should reasonably anticipate being haled into court' in that forum." Remick, 238 F.3d at 255.

5

Moreover, the plaintiff bears the burden of establishing, through sworn affidavits or other competent evidence, that either specific or general jurisdiction can be exercised. Mellon Bank (EAST) PSFS, N.A. v. DiVeronica Bros. Inc., 983 F.2d 551, 554 (3d Cir. 1993).

In the instant case, Abel did not produce any evidence that Ross had any minimum contacts or continuous or substantial contacts with Pennsylvania such that general jurisdiction could be exercised over him. Defendant Ross resides and works in Tennessee, as a corporate officer for MR Cars. MR Cars is a Tennessee corporation which does not maintain any place of business in Pennsylvania. Moreover, the evidence shows that Ross was not involved in the accident in Pennsylvania, did not direct that the vehicle owned by MR Cars be driven though Pennsylvania, and did not purchase the vehicle in Pennsylvania, such that specific jurisdiction could be exercised. The vehicle was purchased in Maryland and was to be driven to New York via Delaware and New Jersey. The record is devoid of any evidence that would allow the District Court to exercise either general or specific personal jurisdiction over Ross. Therefore, the District Court properly granted summary judgment in favor of Ross for lack of personal jurisdiction.

Abel further argues that the District Court erred in granting summary judgment on behalf of MR Cars. The District Court found that there was no factual basis upon which to hold MR Cars vicariously liable for the conduct of Kirbaran. Ownership alone is not sufficient to impose liability for the negligent operation of a vehicle by another.

6

Cunningham v. Davis, 688 F. Supp. 1030, 1032 (E.D. Pa. 1988). Absent a relationship between the owner and the driver, such as a master-servant relationship, an automobile's owner is not vicariously liable for the negligence of the driver. Smalich v. Westfall, 269 A.2d 476, 480 (Pa. 1970). A "servant is an agent employed by a master to perform service in his affairs whose physical conduct in the performance of the service is controlled or subject to the right to control by the master." Id. at 481.

The record is devoid of any evidence demonstrating that Kirbaran was under the control of MR Cars, such that a master-servant relationship could be said to exist. Moreover, there is no indication as to why Kirbaran was found driving the vehicle, or even how it came into his possession. The record does not show an agreement between Ross or MR Cars and Kirbaran, regarding the vehicle purchased in Maryland, or that Ross or MR Cars even knew of Kirbaran's existence until after the accident. The only individual whom MR Cars authorized to transport the vehicle was Belez. Abel's argument that it is likely that Kirbaran came to be operating the vehicle through an arrangement by Belez is mere speculation. The record fails to support Abel's claim that a master-servant relationship existed between MR Cars and Kirbaran. Therefore, the District Court properly granted summary judgment in favor of MR Cars on the issue of vicarious liability.

Lastly, Abel argues that the District Court erred in denying the motion for a new trial. The Court of Appeals undertakes a narrow review of whether the trial court has

abused its discretion on an appeal from an order denying a motion for a new trial or to set aside the judgment.  Neville v. American Barge Line Co., 218 F.2d 190, 192 (3d Cir. 1954).  Abel moved for a new trial on the grounds that the court erred as a matter of law in granting MR Cars' motion for summary judgment.  Abel argued in the motion that the court erred because Abel felt that the master-servant relationship between Kirbaran and MR Cars was sufficiently established so as to hold MR Cars vicariously liable.  However, because the District Court did not err in granting MR Cars' motion for summary judgment, and in finding that the evidence did not support a master-servant relationship between MR Cars and Kirbaran, the District Court properly denied Abel's motion for a new trial.

Accordingly, we will AFFIRM the judgment of the District Court.

_____