NOTICE: All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports. If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

14-P-1175                                    Appeals Court

   EMANUEL NICHOLAS VALASKATGIS  vs.  LURYE ELLEN VALASKATGIS.


No. 14-P-1175.

Essex.     April 8, 2015. - August 5, 2015.

Present:  Cohen, Wolohojian, & Maldonado, JJ.


Divorce and Separation, Division of property.  Statute,
     Construction.



     Complaint for divorce filed in the Essex Division of the
Probate and Family Court Department on August 6, 2012.

     The case was heard by Randy J. Kaplan, J.


     Patricia S. Johnstone for the husband.
     Monique Boucher Lamb for the wife.


     WOLOHOJIAN, J.  The question we consider is whether the

definition of the phrase "length of the marriage" contained in

G. L. c. 208, § 48, inserted by St. 2011, c. 124, § 3, which was

adopted as part of the Alimony Reform Act of 2011, applies to

that phrase as it is used in G. L. c. 208, § 34, which pertains

to the division of marital assets.  We conclude that it does not.

The facts are uncontested and the legal issue is discrete. The parties were married on October 5, 1985, and the wife was served with a complaint for divorce on August 29, 2012.  Between August 29, 2012, and September 30, 2013, the husband earned approximately $96,000 as a result of working overtime as a National Grid lineman during a period of unusually severe weather.  On September 30, 2013, the parties entered into a separation agreement that resolved all issues except how to divide those earnings.  Relying on the § 48 definition of "length of the marriage" as "the number of months from the date of legal marriage to the date of service of a complaint or petition for divorce or separate support," the husband took the position that the funds were not part of the marital estate because they had been earned after service of the divorce complaint.  The wife took the position that the money was part of the marital estate and that she was entitled to one-half, that being essentially the division of assets to which the parties otherwise agreed.[1]  Judgment of divorce nisi entered that same day, with the judge reserving until later the issue of the disputed funds.  After subsequent briefing and argument, the

---

[1] Half of the money was placed in escrow pending resolution of the issue.

judge held that the marital assets were to be determined as of the date of the parties' separation agreement, not the date of service of the complaint.  A supplemental judgment of divorce nisi entered on November 25, 2013; judgment of divorce absolute entered on December 30, 2013.

Section 48 of c. 208 is the definitional section of the Alimony Reform Act of 2011.  Among other words and phrases for which it supplies definitions, it defines the phrase "length of the marriage" as "the number of months from the date of legal marriage to the date of service of a complaint or petition for divorce or separate support."  G. L. c. 208, § 48, inserted by St. 2011, c. 124, § 3.  As sweeping as the changes effected by the Alimony Reform Act were, it does not follow that the definitions contained in § 48 have general or unlimited application outside the arena of alimony.  Instead, they apply only when the defined word or phrase is "used in sections 49 to 55 [of chapter 208], inclusive."  Ibid.  Those sections were also created by the Alimony Reform Act and concern alimony only. Nothing in the language of § 48 (or for that matter, in the language of the Alimony Reform Act more generally) indicates or suggests that its definitions are to be exported beyond §§ 49 through 55.  In other words, the § 48 definition of "length of the marriage" applies only when the phrase appears in §§ 49 through 55; it does not apply when the phrase appears elsewhere

in our laws.  The same is true with respect to the other definitions in § 48.[2]

It is true, as the husband points out, that the "length of the marriage" is a factor to be considered under § 34 "[i]n fixing the nature and value of the property, if any, to be . . . assigned" to the marital estate.[3]  G. L. c. 208, § 34, as appearing in St. 2011, c. 124, § 2.  However, in this context the length of the marriage is not to be measured with reference to the service of the divorce complaint.  The Alimony Reform Act did not change our rule "that a couple is not divorced until the judgment becomes absolute."  Ross v. Ross, 385 Mass. 30, 35 (1982), citing G. L. c. 208, § 21.  Nor did the Alimony Reform Act constrain the broad discretion a judge is given to "weigh[] and balance[] . . . the § 34 factors, and the resulting

---

[2] Even without the statutory limitation, one could infer this result from the nature of the defined terms, all of which are self-evidently tied to the field of alimony; these terms are:  "[a]limony," "[f]ull retirement age," "[g]eneral term alimony," "[l]ength of the marriage," "[r]ehabilitative alimony," "[r]eimbursement alimony," and "[t]ransitional alimony."  G. L. c. 208, § 48, inserted by St. 2011, c. 124, § 3.

[3] Other mandatory factors to be considered are "the conduct of the parties during the marriage, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties, the opportunity of each for future acquisition of capital assets and income, and the amount and duration of alimony, if any, awarded under sections 48 to 55, inclusive." G. L. c. 208, § 34, as appearing in St. 2011, c. 124, § 2.

equitable division of the parties' marital property."  Kittredge
v. Kittredge, 441 Mass. 28, 43 (2004).  That discretion
includes, in appropriate circumstances, the ability to include
in the marital estate assets acquired after service of the
divorce complaint, and even after the divorce itself.  See,
e.g., Williams v. Massa, 431 Mass. 619, 628 (2000) (assets whose
acquisition is fairly certain after divorce can be included in
marital estate); S.L. v. R.L., 55 Mass. App. Ct. 880, 882-883
(2002) (same).

For these reasons, the allocation and the division of the
marital assets as of the date of the separation agreement,
rather than as of the date of service of the divorce complaint,
was correct.

Supplemental judgment of
divorce affirmed.
