NOTICE: All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports. If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

17-P-194 Appeals Court

RALPH F. SBROGNA vs. JUDITH L. SBROGNA.

No. 17-P-194.

Worcester. November 3, 2017. – January 16, 2018.

Present: Wolohojian, Massing, & Wendlandt, JJ.

Divorce and Separation, Alimony. Practice, Civil, Motion to dismiss, Complaint.

Complaint for divorce filed in the Worcester Division of the Probate and Family Court Department on June 27, 1994.

A complaint for modification was filed on September 15, 2016, and a motion to dismiss was heard by Leilah A. Keamy, J.

Richard M. Novitch for the husband.
Erin M. Shapiro (David E. Cherny also present) for the wife.

WOLOHOJIAN, J. This case, like many divorce cases, involved the filing of more than one complaint and/or petition for divorce. The question presented here is which of those pleadings is to be used for purposes of G. L. c. 208, § 48, enacted as part of the alimony reform act, which defines the

phrase "length of the marriage" as "the number of months from the date of legal marriage to the date of service of a complaint or petition for divorce or separate support."  G. L. c. 208, § 48, inserted by St. 2011, c. 124, § 3.  We conclude that it is the pleading upon which judgment of divorce absolute entered.

The parties were married on June 16, 1973.  In 1975, the Legislature added irretrievable breakdown of the marriage as a ground for divorce.  A divorce on this ground can be initiated in one of two ways.  If both parties agree that the marriage is irretrievably broken, then a joint petition signed by both parties or their attorneys and accompanied by (among other things) a notarized separation agreement, may be filed under G. L. c. 208, § 1A (which for convenience, we shall call a § 1A petition).  A § 1A petition need not be served and no summons or answer is required.  If a divorce action has been initiated by a § 1A petition, the "court shall make no inquiry into, nor consider any evidence of the individual marital fault of the parties."  G. L. c. 208, § 1A, as appearing in St. 1985, c. 691, § 1.

If, instead, one party alone initiates the divorce, then he or she must begin by filing a complaint under G. L. c. 208, § 1B (a § 1B complaint).  A § 1B complaint, together with the summons, must be served on the other spouse.  Mass.R.Dom.Rel.P. 4(d).  In a case initiated by a § 1B complaint, the parties must

wait at least six months before the court will hold a final hearing, and judgment cannot enter unless a judge finds that an irretrievable breakdown has existed for the period following the filing of the complaint up to the date of the hearing.  G. L. c. 208, § 1B, as amended through St. 1986, c. 189.  See generally McLellan, Handbook of Massachusetts Family Law, at 133-140 (3d ed. 1991); Kindregan, McBrien & Kindregan, Family Law and Practice § 8:5 (4th ed. 2013).

On November 6, 1990, the husband filed a § 1B complaint on the ground that there had been an irretrievable breakdown of the marriage.  There is no documentary evidence that this complaint was served on the wife, and there is no return of service reflected on the probate court docket.[1]  On January 22, 1991, the husband filed a motion for a temporary restraining order to preserve marital assets and a motion for temporary orders regarding support, care, and maintenance of the wife and their minor children.  Those motions were never acted on, and nothing more appears to have occurred in the case until more than two years later when, on July 3, 1993, the § 1B complaint was marked "inactive."  The case was not dismissed or otherwise formally closed, nor was the "inactive" status of the case entered on the

---

[1] We note that the parties dispute whether the wife was in fact served and whether she had, at a minimum, actual notice of the complaint.  These disputes are immaterial given our analysis.

docket. There was, however, a handwritten notation by the register of probate on the upper portion of the docket sheet that the case was inactive.

Almost one year later, on June 27, 1994, the parties filed a joint motion to amend, together with a joint § 1A petition and separation agreement. The motion to amend was allowed, and the divorce action thereafter proceeded under § 1A rather than under § 1B. On July 29, 1994, the judge made the required § 1A findings, and a judgment of divorce nisi under § 1A entered. Judgment of divorce absolute entered on October 28, 1994, again under § 1A. The terms of the separation agreement merged into the judgment.

The husband filed a modification complaint on September 15, 2016, seeking to modify his alimony obligation based on the provisions of the alimony reform act. Using the filing date of his 1990 § 1B complaint as the end date of the marriage (as opposed to the 1994 filing date of the joint § 1A petition), he alleged that the parties had been married more than fifteen, but less than twenty, years and, therefore, that his alimony obligation was subject to modification. See G. L. c. 208, § 49(b)(4).[2] The wife's motion, under Mass.R.Dom.Rel.P.

---

[2] The uncodified provisions of the alimony reform act provide that "existing alimony judgments that exceed the durational limits under section 49 of said chapter 208 shall be deemed a material change of circumstance that warrant

12(b)(6), to dismiss the modification complaint was allowed after a nonevidentiary hearing.  This appeal followed.[3]

The alimony reform act created new limits on the duration of general alimony and pegged those limits to the "length of the marriage."  G. L. c. 208, § 49(b), inserted by St. 2011, c. 124, § 3.  For example, the duration of general alimony in the case of a marriage of "20 years or less, but more than 15 years" is capped at eighty percent of the duration of the marriage.  G. L. c. 208, § 49(b)(4).  Also by way of example, the duration of general alimony in the case of a ten-to-fifteen-year marriage is capped at seventy percent of the duration of the marriage.  G. L. c. 208, § 49(b)(3).  These caps, however, do not apply where the parties have been married more than twenty years.  G. L. c. 208, § 49(c).  In those cases, the alimony reform act imposes no limit on the duration of general alimony.

The alimony reform act departs from the general rule (grounded in common law as well as in common sense) that parties

---

modification."  St. 2011, c. 124, § 4(b).  However, modification cannot be sought until certain dates pegged to the length of the marriage have passed.  In this case, because the marriage was alleged to be more than fifteen years, but less than twenty, modification could not be sought until on or after September 1, 2015.  St. 2011, c. 124, § 5(4).

[3] Our review of the allowance of a rule 12(b)(6) motion is de novo, accepting as true the factual allegations of the complaint.  Galiastro v. Mortgage Electronic Registration Sys., Inc., 467 Mass. 160, 164 (2014).

are married until they are not,[4] and instead defines the "length

of the marriage" (for purposes of the alimony reform act alone,

see Valaskatgis v. Valaskatgis, 87 Mass. App. Ct. 756, 757-758

[2015]) as:

> "the number of months from the date of legal marriage
> to the date of service of a complaint or petition for
> divorce or separate support duly filed in a court of
> the commonwealth or another court with jurisdiction to
> terminate the marriage."

G. L. c. 208, § 48.  The definition is not inflexible; the court

is permitted to "increase the length of the marriage if there is

evidence that the parties' economic marital partnership began

during their cohabitation period prior to the marriage."  G. L.

c. 208, § 48.  See Duff-Kareores v. Kareores, 474 Mass. 528, 538

(2016).

Section 48 refers to "a" complaint or petition in the

singular, indicating that the Legislature contemplated only a

single relevant complaint or petition for purposes of the

definition.  The latter part of the definition states that the

pleading must have been filed in a court with the authority to

terminate the marriage.  This suggests that the relevant

pleading is the one that results in a valid judgment of divorce.

To read the statute otherwise would lead to the nonsensical

result that service of a pleading that leads neither to a valid

---

[4] "[A] couple is not divorced until the judgment becomes
absolute."  Ross v. Ross, 385 Mass. 30, 35 (1982).

divorce nor to an alimony award could nonetheless serve as the basis for calculating the length of a marriage and the duration of alimony, even if the parties reconciled and lived together for decades before ultimately divorcing.  Accordingly, taken as a whole, the language of the statute leads us to conclude that the relevant complaint or petition is the one upon which the judgment of divorce absolute ultimately entered.  See Duff-Kareores, 474 Mass. at 538 ("If a sensible construction is available, we shall not construe a statute . . . to produce absurd results" [quotation omitted]).

A contrary reading of the statute would be extremely difficult -- if not nearly impossible -- to apply reliably because it is common to have multiple complaints and/or petitions in divorce cases and their timing is both unpredictable and varied.  Indeed, it is often the case that a contested divorce case beginning with a § 1B complaint later becomes an uncontested divorce by the filing of a joint § 1A petition after the parties have reached a separation agreement. It is also not unusual to see multiple complaints or petitions that never end in a divorce judgment; the start-and-stop procedural history of divorce cases often mirrors the nonlinear disintegration -- or repair -- of a couple's marriage.

For these reasons, the legally relevant pleading in this case for purposes of calculating the "length of the marriage"

under § 48 was the parties' joint § 1A petition filed in 1994, more than twenty years after they were married.  As a result, the husband is not entitled to the alimony reform act's durational limits on general alimony and his modification complaint was properly dismissed.

Finally, we note an irregularity in the language of § 48, which refers to the "date of service" of a petition.  Joint petitions for divorce are not required to be served, G. L. c. 208, § 1A, and there is therefore no "date of service" of a joint petition.  We do not, however, see this as a fatal flaw in the statute.  Nor do we conclude that divorces initiated by joint petitions are outside the statute's reach.  Instead, we read this merely as a casual turn of phrase, not accounting for some of the finer points of probate court procedure and its unique terminology, and one that is easily resolved by using the date by which all materials required by § 1A to be submitted with a joint petition have been filed.

For these reasons, we affirm the dismissal of the husband's modification complaint.[5]

<u>Judgment dated October 6,
2016, affirmed</u>.

---

[5] The wife's request for attorney's fees is denied.