NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

17-P-1107                                        Appeals Court

GUISEPPE BALISTRERI  vs.  JANINE M. BALISTRERI.

No. 17-P-1107.

Middlesex.      March 8, 2018. - June 29, 2018.

Present:  Wolohojian, Agnes, & Englander, JJ.

Divorce and Separation, Alimony.  Evidence, Conversation between husband and wife.

Complaint for divorce filed in the Middlesex Division of the Probate and Family Court Department on April 14, 2011.

After review by this court, 89 Mass. App. Ct. 1106 (2016), the remaining issue on remand was heard by Randy J. Kaplan, J.

Brian J. Kelly for the wife.
Mark L. Nestor for the husband.

WOLOHOJIAN, J.  The alimony reform act defines "length of the marriage" as the "number of months from the date of legal marriage to the date of service of a complaint or petition for divorce or separate support."  G. L. c. 208, § 48, inserted by St. 2011, c. 124, § 3.  At issue is how to apply this language where there are multiple support complaints (none resulting in a

spousal support judgment), a predivorce complaint for modification that led to a spousal support judgment, a divorce complaint that did not lead to judgment, and a divorce complaint upon which judgment entered awarding alimony.  We hold that, where there are one or more predivorce-judgment complaints (whether for support, modification, or divorce) that result in a judgment of spousal support, it lies within the judge's discretion -- taking into account the totality of the circumstances -- to determine which of these pleadings is to be used to calculate the length of a marriage for purposes of the alimony reform act (act or alimony reform act).

Background.  The parties had a child in 1994 and were married on March 26, 1995.  From October 1996 through April 2000, the wife filed two complaints for support[1] and a complaint for divorce.[2]  The details of these various complaints are set

---

[1] We note that all three of the wife's complaints were on preprinted forms of the Probate and Family Court.  The first and third were entitled "[c]omplaint for [s]eparate [s]upport;" the second was entitled "[c]omplaint for [s]upport."  Whatever distinction there may be between the two names is immaterial to our analysis.

[2] The record does not contain the service date for any of the various pleadings.  However, neither party challenges the fact of service, and we thus accept that the various pleadings were timely and properly served.

out in the margin; of importance for our purposes here is that none of them led to a judgment.[3]

On January 11, 2005, the wife filed a complaint[4] for separate support that, based on the parties' agreement, led to a judgment requiring the husband to pay $400 each week in child support. No spousal support was awarded or agreed to.[5]

---

[3] In October 1996, the wife filed a complaint for separate support after obtaining a restraining order against the husband. The complaint alleged that the parties had last lived together three days earlier (when, apparently, the husband had been taken into custody for four days following his arrest). No support judgment entered on this complaint, which appears to have been dismissed.

On May 27, 1997, the wife filed a complaint for divorce under G. L. c. 208, § 1B, citing an irretrievable breakdown of the marriage. The complaint alleged that the parties were still living together. No judgment entered on this complaint, which was dismissed under rule 408 of the Probate and Family Court Rules in 2002 due to inactivity.

On April 20, 2000, the wife filed a complaint for support pursuant to G. L. c. 209, § 32F. The complaint alleges that the husband did not reside in the marital home. No judgment entered, and the complaint appears to have been dismissed.

[4] The complaint alleged that abuse prevention orders had entered in 2004 and 2005, and that the husband resided in Gloucester while the wife remained in the marital home in Everett.

[5] On June 3, 2005, the wife filed a complaint for divorce under G. L. c. 208, § 1B, citing cruel and abusive treatment. The complaint alleged that the parties had last lived together in Everett on April 10, 2005, approximately two months earlier. This complaint was dismissed, apparently due to inactivity.

On June 11, 2008, the wife filed a complaint for modification,[6] seeking to modify the 2005 support judgment to require the husband to cover health costs for her and the child, and to pay spousal support.[7] On July 31, 2009, a partial modification judgment entered in accordance with the parties' agreement with respect to all issues except spousal support.[8] Because there was no agreement with respect to spousal support, the judge bifurcated that issue and scheduled it for trial.

After trial, the judge entered a supplemental judgment of modification which (1) restated the husband's existing child support obligation of $400 weekly, and (2) required the husband to pay $273.25 weekly to the wife as alimony until (a) the death of either party, (b) the wife's remarriage, (c) entry of an inconsistent divorce judgment, or (d) modification of the judgment.

On April 14, 2011, the husband filed a complaint for divorce pursuant to G. L. c. 208, § 1B, citing an irretrievable

---

[6] The complaint alleged as a change in circumstances that the husband refused to pay health expenses and "refuses to maintain current expenses."

[7] Also on June 11, 2008, the wife filed a contempt complaint alleging that the husband had failed to comply with the 2005 support judgment.

[8] Specifically, the parties agreed that the husband was in arrears on his child support obligation, setting a payment schedule for the arrearage, requiring the husband to provide medical and dental insurance for the wife and child, and requiring the husband to pay all uninsured health costs.

breakdown of the marriage. Judgment on this complaint entered on April 6, 2014,[9] awarding the wife $298 weekly in alimony to terminate either in seventy months, or upon her remarriage, or either party's death. The wife appealed.

On appeal, a panel of this court vacated the alimony award because it was unclear whether the judge had intended to calculate the duration of the marriage by using the service date of the 2005 support complaint or of the 2011 divorce complaint, and remanded the case for reconsideration of that issue. We otherwise affirmed the judgment. See Balistreri v. Balistreri, 89 Mass. App. Ct. 1106 (2016).

The court held a trial on the issue remanded as well as additional matters not pertinent to this appeal.[10] As relevant for our purposes here, the judge found that the parties did not "continue[] to have a relationship" after February 2, 2005 -- the date on which child support was first ordered. For this reason, the judge found "it is appropriate that the length of the marriage be determined from the date of the service of the

---

[9] The judge found that the parties had not "lived together" after February 2, 2005, the date of the judgment of separate support, and accordingly that they "lived together" for less than 118 months.

[10] Specifically, the husband filed a modification complaint seeking to terminate his child support obligation as well as medical coverage for the child. The mother filed a counterclaim for modification seeking an increase in alimony and other relief.

[c]omplaint" that led to that award of child support.[11]  The judge did not have the benefit of Sbrogna v. Sbrogna, 92 Mass. App. Ct. 639 (2018), at the time of her decision.[12]

Discussion.  The alimony reform act limits the duration of general alimony by pegging it to the "length of the marriage," G. L. c. 208, § 49(b), a phrase defined as "the number of months from the date of legal marriage to the date of service of a complaint or petition for divorce or separate support."  G. L. c. 208, § 48.  This language is in the disjunctive, see Miller v. Miller, 448 Mass. 320, 329 (2007) ("It is fundamental to statutory construction that the word 'or' is disjunctive . . ." [citation omitted]), meaning that either a qualifying support complaint or a qualifying divorce pleading may serve as the terminal event for purposes of the § 48 definition.  The definition places both types of pleadings (divorce and support) on equal footing for its purposes; neither is given priority or additional weight, whether by virtue of earlier service, filing, or otherwise.  See Chin v. Merriot, 470 Mass. 527, 537 (2015), quoting from Commissioner of Correction v. Superior Ct. Dept. of the Trial Ct. for the County of Worcester, 446 Mass. 123, 126

---

[11] On this basis, the judge concluded that the length of the marriage was 118 months, and awarded seventy months of alimony.

[12] Sbrogna was decided after briefing in this appeal was complete, but before oral argument.  We requested, and received, postargument supplemental briefing on the decision's application to this case.

(2006) (court will not "read into the statute a provision which the Legislature did not see fit to put there").  Thus, assuming that more than one particular pleading qualifies for inclusion, the Legislature has chosen to allow each of them to be considered for purposes of § 48.  This straightforward reading of the statutory language, however, begs two questions.  The first is which pleadings qualify to be considered.  The second is how to choose among competing qualifying pleadings.

We reached a partial answer to the first question in Sbrogna.  In that case, the husband filed a divorce complaint under G. L. c. 208, § 1B, that ultimately became inactive and upon which judgment never entered.  Later, the parties filed a joint divorce petition under G. L. c. 208, § 1A, that led to a divorce judgment awarding alimony.  On those facts, we held that the legally relevant divorce pleading for purposes of calculating the "length of the marriage" under G. L. c. 208, § 48, was the one upon which the divorce judgment entered.[13]  Sbrogna, 92 Mass. App. Ct. at 643.  We stated that "[t]o read the statute otherwise would lead to the nonsensical result that service of a pleading that leads neither to a valid divorce nor to an alimony award could nonetheless serve as the

---

[13] We also held that, despite the fact that the § 48 definition hinges upon the "date of service," divorces initiated by joint petition (which do not require service) nonetheless are within the statute's reach.  See Sbrogna, 92 Mass. App. Ct. at 643.

basis for calculating the length of a marriage and the duration of alimony, even if the parties reconciled and lived together for decades before ultimately divorcing" (emphasis supplied). Id. at 642. Although Sbrogna involved only divorce pleadings, we see no reason why its reasoning should not apply with equal force to support complaints. Thus, we conclude that a support complaint that results in a judgment awarding spousal support qualifies to be considered for purposes of § 48, but that a support complaint that does not result in such a judgment does not.

Our conclusion that the Legislature's reference in § 48 to a "support complaint" encompasses only those resulting in a judgment awarding spousal support (as opposed to support judgments awarding other forms of relief, such as child support or health care costs) is buttressed by the over-all purpose and reach of the alimony reform act. See Chin, supra (court will not read provisions into statute). The act is limited to alimony, its provisions do not have "general or unlimited application outside the arena of alimony," and the definitions contained in § 48 do not apply outside of §§ 49 through 55 of the act.[14] Valaskatgis v. Valaskatgis, 87 Mass. App. Ct. 756,

---

[14] Even within the field of alimony, the act did not result in wholesale displacement of our existing law. For example, it did not "displace or . . . alter our established legal principle that surviving alimony obligations are not subject to

757 (2015). The act is not concerned, for example, with the division of marital assets, id. at 758, quoting from Kittredge v. Kittredge, 441 Mass. 28, 43 (2004) (definitions of § 48 do not restrain judge's broad discretion to "weigh[] and balanc[e] . . . the § 34 factors, and the resulting equitable division of the parties' marital property"), nor does it provide for child support. There is simply no indication that the Legislature intended to include within the definition of § 48 complaints that do not result in spousal support judgments. Nor would it make any sense to read the statute to encompass such complaints; otherwise, an award of temporary child support or health care under G. L. c. 208, § 19 (which is outside the alimony reform act) could, for example, inexplicably and illogically reduce the duration of alimony awarded at the time of divorce. Since even temporary alimony awards under G. L. c. 208, § 17, do not reduce the presumptive maximum duration of alimony under the act, see Holmes v. Holmes, 467 Mass. 653, 659 (2014), there is even less reason for other types of support judgments to do so.

Before proceeding further, we pause to apply the principles we have set out above to the various pleadings that were filed

_____

modification." Lalchandani v. Roddy, 86 Mass. App. Ct. 819, 822 (2015). See Van Arsdale v. Van Arsdale, 477 Mass. 218, 219 (2017), quoting from G. L. c. 208, § 48 ("The act changed neither the essential purpose nor the basic definition of alimony: 'the payment of support from a spouse, who has the ability to pay, to a spouse in need of support'"); Hassey v. Hassey, 85 Mass. App. Ct. 518, 524 (2014) (same).

in this case.  The husband's April 14, 2011 divorce complaint is the pleading upon which the divorce judgment (including an alimony award) entered.  It therefore qualified to be considered as the terminal date of the "length of the marriage" for purposes of § 48.  The wife's January 11, 2005 separate support complaint led only to a judgment ordering child support.  That complaint, therefore, cannot serve as a terminal date of the "length of the marriage" for purposes of § 48.  By contrast, the wife's June 11, 2008 complaint for modification resulted in a judgment awarding spousal support.  Although we acknowledge that § 48 does not refer to modification complaints, we conclude from the over-all structure and intent of the section and of the alimony reform act as a whole, see Zaleski v. Zaleski, 469 Mass. 230, 239-240 (2014), that a predivorce-judgment complaint for modification that results in an award of spousal support can qualify as the terminal date for the length of the marriage under § 48.  Cf. Flor v. Flor, 92 Mass. App. Ct. 360, 366 (2017) (alimony award made on postdivorce modification complaint related back to divorce judgment because parties' separation agreement reserved right to future alimony).  Thus, there were two qualifying complaints the judge could consider for purposes of § 48:  the husband's April 14, 2011 divorce complaint, and the wife's June 11, 2008 complaint for modification.

Where, as here, there is more than one qualifying pleading, it is within the judge's discretion to determine -- taking into account the totality of the circumstances -- which of them should be used to calculate the length of the marriage for purposes of § 48.  See G. L. c. 208, § 48 (judge has discretion to increase length of marriage where marital partnership began during period of cohabitation).  See also G. L. c. 208, § 53(a) (in determining appropriate duration of alimony, judge may consider other factors that are "relevant and material"); Holmes, supra at 660 (judge has discretion to reduce duration of alimony below presumptive maximum where temporary alimony has been paid for unusually long period of time or recipient spouse has unfairly delayed final resolution); Duff-Kareores v. Kareores, 474 Mass. 528, 538 (2016) (judge retains discretion under § 48 for period of premarital cohabitation).  As noted above, the statute itself does not give any priority or weight to one particular qualifying pleading or the other; thus, although the temporal sequence of the pleadings may be considered as a factor, it is not necessarily dispositive.  Instead, the judge should consider the totality of the circumstances to determine which is the appropriate pleading to use.

In other circumstances, we would remand to allow the judge to exercise discretion in the first instance as to which of the

two qualifying pleadings in this case to use as the terminal date for purposes of § 48. Here, however, we already have the judge's detailed findings after trial, which included an explicit finding that she did not credit the wife's testimony that the parties lived together after 2005, and also her ultimate discretionary assessment not to use the divorce complaint as the terminal date of the marriage for purposes of § 48. We see no abuse of discretion in the judge's rejection of the divorce complaint as the appropriate event, and therefore there is no cause for remand. That said, for the reasons set out above, it is the service date of the complaint for modification -- not the service date of the complaint for support -- that should have been used to calculate the length of the marriage, resulting in a marriage of 159 months, and a presumptive duration of alimony of 111 months under G. L. c. 208, § 49(b)(3).[15]

We briefly address the wife's remaining argument[16] that her constitutional due process rights were violated when the judge,

---

[15] The husband's argument that the duration of alimony is to be reduced by the duration of predivorce spousal support was rejected in Holmes, supra at 659-660. Neither of the exceptions identified in Holmes were found by the judge. Specifically, the judge did not find either "that temporary alimony ha[d] been paid for an unusually long period of time or that the recipient spouse ha[d] unfairly delayed final resolution of the case in an attempt to prolong the payment of alimony." Id. at 660.

[16] At oral argument, the wife waived her contention that the judge exceeded the scope of our previous remand order by

on the basis of spousal disqualification, did not permit her to testify to conversations she had with the husband after 2009. See Mass. G. Evid. § 504(b)(1) (2018). In essence, her argument is that no spousal disqualification could exist after the terminal date of the marriage under § 48. However, as we have previously held, "the § 48 definition of 'length of the marriage' applies only when the phrase appears" in the provisions of the alimony reform act. Valaskatgis, 87 Mass. App. Ct. at 757. For all other purposes, the common-law rule remains that a marriage is not over until the divorce judgment becomes absolute. See Ross v. Ross, 385 Mass. 30, 35 (1982); Sbrogna, 92 Mass. App. Ct. at 642.

We remand with instructions that the duration of alimony awarded in the supplemental judgment of divorce be amended to conform with this opinion. In all other respects, the judgment is affirmed.

So ordered.

---

revisiting the issue of health insurance. We therefore do not consider the issue.